**Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**James B. JEFFRIES et al., Defendants.**

**No. 6807–PHX.**

United States District Court, D. Arizona.

May 31, 1973.

John M. Orban, Associate Regional Sol., Theresa Kalinski, Atty., United States Dept. of Labor, Los Angeles, Cal., Richard K. Burke, U. S. Atty., District of Arizona, United States Dept. of Justice, Phoenix, Ariz., for plaintiff.

Robert W. Holland, Carson, Messinger, Elliott, Laughlin & Ragan, Phoenix, Ariz., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

LINDBERG, District Judge.

The Court having heard the testimony of the witnesses, the proof offered by the respective parties, and being fully advised in the premise, does hereby make and enter these findings of fact and conclusions of law as final adjudication hereof, pursuant to Rule 52 of the Federal Rules of Civil Procedure. The said findings and conclusions are as follows:

### FINDINGS OF FACT

1. This action was brought by the Secretary of Labor, United States Department of Labor, under the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*), hereinafter referred to as the Act. Plaintiff has alleged that defendants during the period from March, 1966 through March, 1968, have violated Section 15(a)(2) and Section 15(a)(5) of the Fair Labor Standards Act, in that defendants employed employees in an enterprise engaged in commerce or the production of goods for commerce for workweeks longer than forty hours without compensating these employees for

their employment in excess of forty hours per week at rates not less than one and one-half times the regular rate at which they were employed. Additionally, plaintiff alleged that the defendants failed to maintain accurate records of the hours worked by the employees. Plaintiff seeks the restraint of future violations of the Act and further seeks to have the defendants restrained from withholding any back wages due their employees as the result of aforesaid violations.

2. Defendants J. Jeffries Construction, Inc., Star of Paradise Development, Inc. and Jeffries Development, Inc. are corporations with their place of business located at 5303 East San Miguel, Paradise Valley, Arizona.

3. Defendant James B. Jeffries resides in the City of Paradise Valley, Arizona, at 5303 East San Miguel, and acts or acted directly or indirectly in the interest of the corporate defendants referred to above.

4. The persons listed below were employed by the defendant J. Jeffries Construction, Inc. during the periods indicated:

| | |
|---|---|
| Abney, Ben C. | 03/24/66–04/28/66 |
| Anderson, Wallace F. | 08/05/66–09/30/66 |
| Antoni, William | 07/28/66–08/19/66 |
| Arnold, Tom | 06/02/67–07/14/67 |
| Arnold, Wayne | 03/03/67–02/16/68 |
| Backer, Clinton | 10/13/67–11/03/67 |
| Baldwin, Russell C. | 03/24/66–03/24/66 |
| Boddie, Harvey | 06/23/66–07/07/66 |
| Burnside, Robert Lee | 08/05/66–08/26/66 |
| Carter, Walter | 03/18/66–10/28/66 |
| Casper, Felix, Jr. | 04/14/66–04/21/66 |
| Clary, Thomas | 05/05/66–05/19/66 |
| Cook, Grady | 03/18/66–01/12/68 |
| Curtin, Robert J. | 03/31/66–04/21/66 |
| Doyal, Richard | 03/18/66–02/17/67 |
| Flood, Robert W. | 07/28/66–09/02/66 |
| Gallihar, Afred | 03/24/66–06/16/66 |
| Geyer, John Carroll | 03/24/66–05/26/66 |
| Green, Robert | 04/28/67–06/30/67 |
| Henderson, Gerald Leon | 03/24/66–08/19/66 |
| Henderson, Gilbert Lester | 03/18/66–12/22/67 |
| Hicks, Harold R. | 06/09/66–06/09/66 |
| Hoefler, Alex G. | 07/15/66–08/26/66 |
| Huffine, Russell | 06/10/66–08/26/66 |
| Johnson, Delbert R. | 05/26/66–08/05/66 |
| Koelling, Richard C. | 04/21/66–05/12/66 |
| Koontz, Dennis | 04/14/66–07/07/66 |
| Lewis, Bernard F. | 08/05/66–08/26/66 |
| Marcus, Ralph | 07/21/66–09/02/66 |
| Matta, Salomon L. | 04/21/66–05/26/66 |

| | |
|---|---|
| McKeever, Earl | 04/28/67–10/09/67 |
| Miller, Max Norman | 01/06/67–02/23/68 |
| Ortiz, Rosado | 08/19/66–08/26/66 |
| Pereira, Raymond | 03/24/66–09/26/66 |
| Pickett, Lloyd | 08/15/66–08/21/66 |
| Pirman, John H. | 06/09/66–07/28/66 |
| Powers, Elliott | 02/24/67–06/09/67 |
| Schmucker, Lorin C. | 04/08/66–05/06/66 |
| Shelly, Harry | 07/17/66–10/14/66 |
| Sixsmith, John | 12/08/67–01/05/68 |
| Valenzuela, Raymond | 03/24/67–06/06/67 |
| Vasbinder, Paul D. | 05/20/66–05/20/66 |
| Welsh, Wallace J. | 06/17/66–10/21/66 |
| Whitehead, James A. | 04/06/66–10/21/66 |
| Young, Clarence | 08/11/67–09/15/67 |

5. At all times during the period from March, 1966 to March, 1968 James B. Jeffries and Ben Mayer were the sole owners of the three corporate defendants involved in this action.

6. As to the employees listed above, James B. Jeffries has and had the authority to: a) hire and fire employees, b) set hours of work, c) set rates of pay, d) discipline employees.

7. As to the employees listed above, James B. Jeffries exercised the authority, either directly or through a job superintendent, to: a) hire and fire employees, b) set hours of work, c) set rates of pay, d) discipline employees.

8. At all times from March 1966 to March 1968, James B. Jeffries hired and fired the job superintendents at the various jobs performed by J. Jeffries Construction, Inc. During this period of time James B. Jeffries directed the job superintendents as well as personally supervising and directing the operation of the J. Jeffries Construction Co.

9. During the period from March 1966 to March 1968 James B. Jeffries signed all the payroll checks for J. Jeffries Construction, Inc.

10. During the period from March 1966 to March 1968 J. Jeffries Construction, Inc. was engaged in the construction of residential houses which were sold by Star of Paradise, Inc. and Jeffries Development, Inc.

11. During the above mentioned period no other person or entity constructed houses which were sold by Star of Paradise and Jeffries Development.

12. During the period from March 1966 through February 1, 1967 both J. Jeffries Construction, Inc. and Star of Paradise, Inc. had an annual dollar volume of sales made or business done in excess of $350,000.

13. During the period from March 1966 to March 1968 the defendants were engaged in construction of residential and apartment buildings.

14. During the period mentioned above J. Jeffries Construction, Inc. purchased and received goods which were manufactured or originated outside the State of Arizona in excess of $60,000.00. The goods purchased by J. Jeffries Construction, Inc. consisted of doors, lumber, paint, hardware, plastic laminated goods and other related building products and goods. During each workweek the employees employed by J. Jeffries Construction, Inc. worked on and handled the goods referred to above.

15. During the period from March 1966 to March 1968, the defendants were engaged in the performance of related activities through unified operation and common control for a common business purpose.

16. During the period from March 1966 through March 1968, the employees referred to above in Findings of Fact No. 4 worked in excess of forty hours per week as shown on the defendants' records.

17. The employees listed above were paid at straight hourly rates for all hours worked including hours worked in excess of forty per week.

18. The defendants failed to pay the employees listed above at time and one-half the regular rate of pay for hours worked in excess of forty per week.

19. The defendants failed to maintain an accurate record of all hours worked by the employees listed above.

20. There is due and owing the sum of $10,653.93 in unpaid overtime compensation to defendants' employees.

The amounts due the individual employees are listed below.

| Name | Amount |
| --- | --- |
| Abney, Ben C. | $72.00 |
| Anderson, Wallace F. | 94.60 |
| Antoni, William | 42.37 |
| Arnold, Tom | 18.88 |
| Arnold, Wayne | 293.44 |
| Backer, Clinton | 21.00 |
| Baldwin, Russell C. | 30.62 |
| Boddie, Harvey | 39.44 |
| Burnside, Robert Lee | 134.75 |
| Carter, Walter | 2,101.90 |
| Casper, Felix, Jr. | 62.56 |
| Clary, Thomas | 31.94 |
| Cook, Grady | 633.50 |
| Curtin, Robert J. | 85.84 |
| Doyal, Richard | 1,174.02 |
| Flood, Robert W. | 56.06 |
| Gallihar, Afred | 171.50 |
| Geyer, John Carroll | 110.91 |
| Green, Robert | 56.00 |
| Henderson, Gerald Leon | 554.06 |
| Henderson, Gilbert Lester | 1,437.67 |
| Hicks, Harold R. | 13.87 |
| Hoefler, Alex G. | 174.12 |
| Huffine, Russell | 194.75 |
| Johnson, Delbert R. | 127.87 |
| Koelling, Richard C. | 15.75 |
| Koontz, Dennis | 331.37 |
| Lewis, Bernard F. | 18.00 |
| Marcus, Ralph | 123.81 |
| Matta, Salomon L. | 63.75 |
| McKeever, Earl | 148.38 |
| Miller, Max Norman | 340.37 |
| Ortiz, Rosadio | 21.75 |
| Pereira, Raymond | 328.37 |
| Pickett, Lloyd | 25.00 |
| Pirman, John H. | 205.00 |
| Powers, Elliott | 420.96 |
| Schmucker, Lorin C. | 56.00 |
| Shelly, Harry | 153.58 |
| Sixsmith, John | 14.44 |
| Valenzuela, Raymond | 54.75 |
| Vasbinder, Paul D. | 14.87 |
| Welsh, Wallace J. | 231.87 |
| Whitehead, James A. | 334.12 |
| Young, Clarence | 17.50 |

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and the subject matter of this action pursuant to Section 17 of the Act (29 U.S.C. § 217).

2. As to the employees listed in Findings of Fact Nos. 4 and 20, the defendant James B. Jeffries was an employer within the meaning of Section 3(d) of the Act (29 U.S.C. § 203(d)), *Chambers Construction Co. v. Mitchell*, 233 F.2d 717 (8th Cir. 1956). Defendant James B. Jeffries is liable for that portion of the unpaid wage equal to his proportionate share of ownership in J.

Jeffries Construction, Inc. I find that James B. Jeffries owned and owns 7/15 of the corporate stock of J. Jeffries Construction, Inc.

3. During the period from March 1966 through March 1968, defendants were an enterprise within the meaning of Section 3(r) of the Act, 28 U.S.C. § 203(r), *Shultz v. Mack Farland & Sons Roofing Co., Inc.*, 413 F.2d 1296 (5th Cir. 1969); *Wirtz v. First National Bank & Trust Co.*, 365 F.2d 641 (10th Cir. 1966).

4. During the period mentioned above defendants' employees were working or handling goods that have moved in or were produced for commerce by any person within the meaning of Section 3(s) of the Act. *Schultz v. Kips Big Boy, Inc.*, 431 F.2d 530 (5th Cir. 1970); *Irby v. Davis*, 311 F.Supp. 577 (E.D.Ark.1970).

5. During the period mentioned above the defendants were an enterprise engaged in commerce or production of goods for commerce within the meaning of Section 3(s)(3) (formerly 3(s)(4) of the Act) 29 U.S.C. 203(s)(3) (formerly 29 U.S.C. 203(s)(4)); *Wirtz v. Melos Construction Corp.*, 408 F.2d 626 (2nd Cir. 1969); *Wirtz v. Allen Green Bros. & Assoc., Inc.*, 379 F.2d 198 (6th Cir. 1967); *Wirtz v. Mayer Construction*, 291 F.Supp. 514 (D.C.N.J.1968).

6. The defendants violated the record keeping provisions of the Act, 29 U.S.C. 211(c); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515; *Wirtz v. Dix Box Co.*, 322 F.2d 499 (9th Cir. 1963).

7. The defendants violated the overtime provisions of the Act, 29 U.S.C. § 207; *United States v. Darby*, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1941).

8. The plaintiff is entitled to a judgment enjoining defendants from future violations of the overtime and record keeping provisions of the Act; *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599; *Mitchell v. Pidcock*, 299 F.2d 281 (5th Cir. 1962);

*Mitchell v. Hertzke*, 234 F.2d 183 (10th Cir. 1956).

9. Plaintiff is entitled to an injunction restraining the defendants from continuing to withhold unpaid overtime compensation in the amount of $10,653.93; *Shultz v. Wheaton Glass Co.*, 421 F.2d 259 (3rd Cir. 1970); *Wirtz v. Wershow*, 416 F.2d 1071 (9th Cir. 1969); *Shultz v. Parke*, 413 F.2d 1364, (5th Cir. 1969); *Wirtz v. Malthor*, 391 F.2d 1 (9th Cir. 1968).

10. Plaintiff is entitled to interest on the unpaid wages from the dates such amounts became due and payable.

### ORDER

Plaintiff is hereby directed to submit a proposed form of order granting relief in accordance with the foregoing Findings of Fact and Conclusions of Law on or before June 30, 1973.