NOT FOR PUBLICATION

FILED

APR 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAUREN ROTHER; et al., | Nos. 11-35922, 11-35953 |
| Plaintiffs - Appellees and Cross-Appellants, | D.C. No. 3:08 cv-0161-MO |
| v. | MEMORANDUM[*] |
| LESLIE LUPENKO; et al., | |
| Defendants - Appellants and Cross-Appellees. | |

Appeals from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted March 8, 2013
Portland, Oregon

Before:      TASHIMA, CLIFTON and BEA, Circuit Judges.

Following a jury trial, Defendants Leslie Lupenko and Telelanguage, Inc.

("Defendants"), appeal from several of the district court's rulings in this Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), collective action.  Plaintiffs

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Lauren Rother and other members of the collective action ("Plaintiffs") cross-appeal. The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1367; we have jurisdiction under 28 U.S.C. § 1291. Because the facts are known to the parties, we do not recite them here, except as necessary to explain our decision. We affirm in part, reverse in part, and remand.

## I. Defendants' Appeal

**1.** Defendants contend that the district court abused its discretion in imposing discovery sanctions against them. A district court has broad discretion to impose sanctions where a party flouts its discovery obligations. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905-06 (9th Cir. 2002); Fed. R. Civ. P. 37(b). We will defer to the reasonable exercise of that discretion so long as we are able to discern from the record why and how that discretion has been exercised. *See Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 648-49 (9th Cir. 1997). Because the record in this case makes perfectly clear that the court imposed sanctions as a result of Defendants having twice failed to honor discovery deadlines, to remand to the district court for further explanation would unnecessarily "elevate form over substance." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1051 (9th Cir. 1985). Plaintiffs provided a detailed accounting of their costs and fees resulting from Defendants' discovery violations,

and the amount awarded was reasonable. Accordingly, the district court did not

abuse its discretion in its imposition of discovery sanctions against Defendants.

*See Fair Hous. of Marin*, 285 F.3d at 905 (stating that the imposition of discovery

sanctions is reviewed for abuse of discretion).

2.    Defendants appeal the denial of their motion for summary judgment

on Plaintiffs' unpaid meal break claims.[1] It is well established that "[a] party need

not plead specific legal theories in the complaint, so long as the other side receives

notice as to what is at issue in the case." *Am. Timber & Trading Co. v. First Nat'l

Bank of Or.*, 690 F.2d 781, 786 (9th Cir. 1982). Although Plaintiffs' Second

Amended Complaint did not spell out their unpaid break claims in so many words,

Defendants nonetheless had sufficient notice of those claims by the summary

judgment stage, and it was within the district court's discretion to allow those

claims to proceed. *See id.*

As for the merits of Plaintiffs' claims, it is the general rule under federal law

that breaks of less than thirty minutes are compensable. 29 C.F.R. §§ 785.18,

785.19. Although in some cases "special circumstances" may mean that a meal

---

[1]    Although the denial of summary judgment ordinarily is not appealable following a trial on the merits, because this appeal challenges the district court's ruling on a question of law, we may review this summary judgment denial. *See Banuelos v. Constr. Laborers' Trust Funds*, 382 F.3d 897, 902-03 (9th Cir. 2004).

-3-

break of less than thirty minutes need not be counted as compensable time worked, *see* 29 C.F.R. § 785.19, there is no basis on this record to conclude that such circumstances existed in this case as a matter of law.

Like federal law, Oregon law also entitles employees to receive compensation for breaks of less than thirty minutes, Or. Admin. R. 839-020-0050(2)(b), and "authorizes an employee who is not paid all the wages to which he is entitled to bring an action to recover those unpaid wages, plus penalties." *Gafur v. Legacy Good Samaritan Hosp. & Med. Ctr.*, 185 P.3d 446, 449 (Or. 2008). In this case, it is undisputed that Plaintiffs were not always compensated for breaks of less than thirty minutes, and their unpaid break claims were properly allowed before the jury. The district court did not err in its refusal to grant summary judgment to Defendants on Plaintiffs' unpaid breaks claims. For the same reasons, the district court did not err in denying Defendants' motion for judgment as a matter of law under Fed. R. Civ. P. 50(a) & (b) on these claims

**3.** Defendants contend that Plaintiffs' award of attorneys' fees was excessive. We review an award of attorneys' fees for abuse of discretion. *See, e.g.*, *Sorenson v. Mink*, 239 F.3d 1140, 1144 (9th Cir. 2001). Here, it is undisputed that Plaintiffs were the prevailing party, and Defendants are unable to show that the district court abused its discretion in the amount of the fee award. Although the

-4-

jury awarded less than Plaintiffs sought, it awarded more than nominal damages, *cf. Farrar v. Hobby*, 506 U.S. 103, 115 (1992) (noting that for a plaintiff who is a prevailing party, but is awarded no more than nominal damages, "the only reasonable fee is usually no fee at all"), and it was within the district court's discretion to use Plaintiffs' current fee rates in its lodestar calculation, *see Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283-84 (1989). *See also Schwartz v. Sec'y of Health & Human Serv.*, 73 F.3d 895, 908 (9th Cir. 1995). Accordingly, we reject Defendants' argument; the district court did not abuse its discretion in its award of attorneys' fees.

## II.    Plaintiffs' Appeal

**1.**    Plaintiffs contend that the district court erred in granting summary judgment on their late paycheck claims in Defendants' favor. We review a grant of summary judgment de novo. *Covington v. Jefferson Cnty.*, 358 F.3d 626, 641 n.22 (9th Cir. 2004).

**A.**    Although there is no provision in the FLSA that explicitly requires an employer to pay its employees in a timely fashion, this Circuit has read one into the Act. *Biggs v. Wilson*, 1 F.3d 1537, 1541 (9th Cir. 1993). In *Biggs*, we held that payment must be made on payday, and that a late payment immediately becomes a violation equivalent to non-payment. *Id*. at 1540. "After [payday], the minimum

wage is 'unpaid.'" *Id.* at 1544. The district court misread *Biggs*. For purposes of the FLSA, there is no distinction between late payment violations and minimum wage violations: late payment is a minimum wage violation. *See id.* Accordingly, we reverse the district court's entry of summary judgment for Defendants on Plaintiffs' federal minimum wage claim.

**B.** The district court did not err, however, to the extent that Oregon law expressly draws a distinction between late payment violations and minimum wage violations that the FLSA does not. Oregon law *does* include an explicit provision that mandates timely payment of wages. *See* Or. Rev. Stat. § 652.120. Thus, there is no need for the courts to read a timeliness requirement into the statute's minimum wage provision, or to treat late payment as non-payment. *Hurger v. Hyatt Lake Resort, Inc.*, establishes that late final paychecks are not also minimum wage violations under Oregon law. 13 P.3d 123, 125 (Or. Ct. App. 2000). It follows by analogy that violations of the timely payment requirement similarly are not minimum wage violations under Oregon law. We therefore affirm the district court's grant of summary judgment to Defendants on Plaintiffs' state minimum wage claim.

**2.** Plaintiffs contend that the district court abused its discretion in granting Defendants' *in limine* motion to exclude "previously unclaimed" wage

and hour violations alleged for the first time after the entry of summary judgment.

We review the district court's pre-trial *in limine* ruling for abuse of discretion. *See GCB Commc'ns, Inc. v. U.S. South Commc'ns, Inc.*, 650 F.3d 1257, 1262 (9th Cir. 2011). Given the complexity of this case and the continually shifting nature of the specifics of Plaintiffs' claims, it was not an abuse of discretion for the district court to limit the case to claims that had been previously identified. *See Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) ("A district court is vested with broad discretion to make . . . evidentiary rulings conducive to the conduct of a fair and orderly trial.")

3.      Plaintiffs contend that the district court erred in dismissing the claims of non-testifying Plaintiffs based on their failure to attend the trial and testify. There is no rule that a party must be present in court during a civil trial, and judgment as a matter of law is appropriate only when "a reasonable jury would not have a legally sufficient evidentiary basis to find" for a party, issue, or claim. Fed. R. Civ. P. 50(a). Here, there was sufficient evidence regarding the non-testifying Plaintiffs' claims in Defendants' records and in the representative testimony of other similarly-situated Plaintiffs. *See Wirtz v. Dix Box Co.*, 322 F.2d 499, 501-02 (9th Cir. 1963). The district court should have permitted Plaintiffs to admit into evidence the employment records of the non-testifying Plaintiffs. Moreover,

FLSA collective actions are representative in nature, designed to allow efficient aggregation and resolution of the claims of similarly situated employees who opt in, and it would be needlessly cumulative to require that every plaintiff testify. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Nor may we affirm the district court's involuntary dismissal of the non-testifying Plaintiffs as a sanction under Fed. R. Civ. P. 41. Involuntary dismissal is "a harsh penalty and should be imposed only in extreme circumstances" not present in this case. *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 825 (9th Cir. 1991). Just as Plaintiff Joey Law's claims were properly allowed before the jury in spite of her absence from the proceedings, the claims of the other non-testifying Plaintiffs should have been allowed to proceed as well. Accordingly, we reverse the district court's judgment as a matter of law against the seven non-testifying Plaintiffs.

**4.** Plaintiffs contend that the district court erred in reducing the amount of the verdict. A district court may amend a judgment upon finding that amendment "is necessary to correct manifest errors or law . . . upon which the judgment is based." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (quoting 11 Charles Alan Wright et al., *Fed. Proc. & Practice* § 2810.1 (2d ed. 1995)). Oregon law caps an employee's recovery at "100 percent of

the employee's unpaid wages" where that employee fails to provide his employer with "written notice of nonpayment." Or. Rev. Stat. § 652.150(2). Here, Plaintiffs' notice to Defendants failed to "include the estimated amount of wages or compensation alleged to be owed or an allegation of facts sufficient to estimate the amount owed," as required by § 652.150(2)(c). Thus, the district court properly amended the judgment to cap Plaintiffs' recovery at 100% of unpaid wages in light of Plaintiffs' deficient written notice.

5. Finally, Plaintiffs contend that the district court erred in denying them attorneys' fees under Oregon law and reducing their fee claim under federal law.

A. Oregon law requires pre-litigation notice before a prevailing plaintiff is entitled to attorneys' fees. Or. Rev. Stat. § 652.200(2). In *Belknap v. U.S. Bank NA*, 234 P.3d 1041 (Or. Ct. App. 2010), the Oregon Court of Appeals of Oregon emphasized the importance of a plaintiff's including sufficient information in the notice for the defendant to evaluate the claim and seek promptly to settle it. *Id.* at 1047-48. The district court did not err in concluding that Plaintiffs' pre-litigation notice was deficient under this standard, and in denying attorneys' fees under § 652.200(2) on that ground.

B. Nor can we say that the district court abused its discretion in reducing its award of attorneys' fees under federal law for limited success. It is

usually the case that when a district court determines the amount of reasonable attorneys' fees, the "results obtained" factor is subsumed within the lodestar analysis. *Cunningham v. Cnty. of L.A.*, 879 F.2d 481, 488 (9th Cir. 1989). Here, however, the district court did not impermissibly "double-reduce" Plaintiffs' award based on that factor. Rather, the district court concluded that Plaintiffs' reduction of some of the hours from the lodestar analysis did not yield a reasonable award under the circumstances. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000) ("[I]n rare cases the lodestar amount might be unreasonable and considerations such as 'the important factor of the results obtained' might lead a district court permissibly to adjust a fee upward or downward." (quoting *Blum v. Stenson*, 465 U.S. 886, 697 & n.14 (1984))). The district court did not abuse its discretion in this regard.[2]

## CONCLUSION

For the foregoing reasons:

In **No. 11-35922**, the rulings of the district court are **AFFIRMED.**

---

[2]     Although we affirm the district court's fee award under the FLSA, because that award was based in part on the results obtained, our affirmance of the present fee award does not preclude Plaintiffs from applying for, and the district court considering, a supplemental fee award, should Plaintiffs prevail on their remanded claims.

-10-

In **No. 11-35953**, the rulings of the district court are **AFFIRMED**, except for (1) its grant of summary judgment to Defendants on Plaintiffs' FLSA late payment claims; and (2) its judgment as a matter of law against the seven non-testifying Plaintiffs. As to these matters, the judgment of the district court is **REVERSED** and the case is remanded for further proceedings consistent with this disposition.[3]

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED and REMANDED in part.**

---

[3]    Plaintiffs' request, made for the first time at oral argument, that, on remand, this case be reassigned to a different district judge is denied.