**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAUREN ROTHER; KRYSTAL COLEMAN; ALLA DANCU; JOSEPH DRURY; JAMES JACKSON; RICKY FULLER; LAURIE GALTELAND; YOUNG EUN KIM; CATHY WELCH; MARY SAFATY; MARGRETTA PFEFFER; GOYH SAEPHANH; JONATHAN THOMAS NICHOLS; TRISTA FLORES; MICQUAEL WALKER; NAI SAECHAO; JOEY LAW; DAVID M. PITTS; EVELYN GARFIELD; TIMOTHY JONES; JENNIFER MANEJA; SUSAN MATHENGE; AMANDA MOFFITT; AKIRA OKAZAKI; ANTONINA PRANTSEVICH; TONY SENGMANYVONG; and DANA THOMPSON, | No. 14-35771<br><br>D.C. No. 3:08-cv-161 MO<br><br>MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| LESLIE LUPENKO; ANDREI LUPENKO; and TELELANGUAGE INC., an Oregon corporation, | |
| Defendants - Appellees. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted May 8, 2017
Portland, Oregon

Before: BYBEE and HURWITZ, Circuit Judges, and RAKOFF,[**] Senior District Judge.

This suit alleged that Appellees violated Oregon state law and the federal Fair Labor Standards Act ("FLSA") by failing to timely pay Appellants minimum wages and overtime. In Rother v. Lupenko, 515 F. App'x 672, 674 (9th Cir. 2013) ("Rother I"), we reversed and remanded the district court's dismissal of certain claims (the "remanded claims") and affirmed the dismissal of other claims (the "affirmed claims"). Appellees subsequently made an Offer of Judgment under Fed. R. Civ. P. 68 to resolve the entire dispute for $12,500. Appellants accepted the offer and moved for fees as prevailing parties on all counts. The district court granted fees incurred on the remanded FLSA claims only for work performed during and after the appeal in Rother I, and denied all fees incurred on the affirmed claims. Appellants again appealed, and we reverse and remand in part and affirm in part.

_____

[**]    The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

The Court reviews <u>de novo</u> whether a plaintiff is a prevailing party. <u>La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest</u>, 624 F.3d 1083, 1089 (9th Cir. 2010). "Where the plaintiff's success on a legal claim can be characterized as purely technical or <u>de minimis</u>, the plaintiff cannot recover fees as a prevailing party." <u>Kletzelman v. Capistrano Unified Sch. Dist.</u>, 91 F.3d 68, 71 (9th Cir. 1996) (internal quotation marks omitted).

The district court erred in denying attorneys' fees incurred on the remanded FLSA claims prior to the appeal in <u>Rother I</u>. The Offer of Judgment is for approximately 30% of what Appellants sought on the remanded claims, and approximately 70% of the initial judgment in Appellants' favor. ; see <u>Barrios v. Cal. Interscholastic Fed'n</u>, 277 F.3d 1128, 1135 (9th Cir. 2002) (plaintiff's victory was not <u>de minimis</u> where settlement award was 40% of amount sought); <u>Quesada v. Thomason</u>, 850 F.2d 537, 538–40 (9th Cir. 1988) (settlement award of 35% of initial amount sought was "very favorable result"). Appellants' success is not purely technical or <u>de minimis</u>, and they are therefore prevailing parties as to these claims. We remand for the district court to determine a reasonable fee award for the FLSA claims, including fees incurred prior to the appeal in <u>Rother I</u>.

The district court properly denied attorneys' fees incurred on the affirmed claims. Appellants have failed to articulate why the Supreme Court would have granted certiorari on these counts or why the Supreme Court would have overturned <u>Rother I</u>. Even if the district court could have entered judgment on the affirmed claims, the Offer of Judgment as to those claims was for nuisance value.

**REVERSED AND REMANDED IN PART, AFFIRMED IN PART.**