William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,

v.

Some SETO, individually and doing business as Tony of California, Defendant-Appellee.

No. 85–5826.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 1986.

Decided June 3, 1986.

Claire Brady White, U.S. Dept. of Labor, Washington, D.C., for plaintiff-appellant.

Frank Piazza, Edwin Rosenberg, Los Angeles, Cal., for defendant-appellee.

Before WRIGHT and NELSON, Circuit Judges, and MARQUEZ,* District Judge.

* Of the District of Arizona.

EUGENE A. WRIGHT, Circuit Judge.

In this appeal we must decide the sufficiency of evidence regarding uncompensated overtime where the employer failed to keep records required by the Fair Labor Standards Act. We conclude that the district court did not fulfill its duty to approximate an award of back wages based on the employees' testimony. We reverse and remand for a determination of back wages.

## FACTS AND PROCEEDINGS BELOW

The Secretary of Labor filed this action on behalf of sixteen employees of Seto, alleging minimum wage, overtime and record keeping violations under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. The Secretary sought a permanent injunction to restrain Seto from violating the Act and a restitutionary injunction for unpaid overtime compensation (back wages).

At trial, four employees testified that they had worked over 40 hours a week without overtime pay. A Compliance Officer (CO) from the Wage and Hour Division of the Department of Labor testified about her investigation of Seto's business for compliance with federal wage and hour requirements. However, she was not permitted to testify about her computations of back wages. The court sustained Seto's objection that the CO's computations were based on employees' statements and that testimony based on such hearsay was inadmissible.

After the Secretary's case in chief, Seto moved to dismiss the Secretary's claim for back wages. The court granted the motion, finding that the evidence was "too speculative and unspecific" to support an award. Trial proceeded on the prospective injunction issue.[1] Seto presented seven employee witnesses who testified that they were paid overtime wages. Finally, Seto was called by the Secretary as a rebuttal witness. He testified that overtime hours were not recorded in the payroll earnings statements for one year of the two-year period in question. All other employment records for the relevant period were apparently destroyed.

The district court found "by a preponderance of the evidence ... that there [had] been violations of the applicable [FLSA] statutes." It granted a permanent injunction prohibiting Seto from violating Section 6 (minimum wages), Section 7 (overtime), Section 11(c) (record keeping), and Section 15(a)(1) (shipment of goods manufactured in violation of FLSA).

The Secretary timely appealed the denial of back wages and presents us with two issues:

(1) Did the district court err in refusing to award back wages based on a finding that the evidence of uncompensated overtime was too speculative?

(2) Did it err in refusing to allow the compliance officer's testimony about the computation of back wages?

## STANDARD OF REVIEW

Findings of fact are reviewed for clear error. *United States v. McConney*, 728 F.2d 1195, 1200 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). The selection and application of the correct legal standard for reviewing a claim for unpaid overtime under the FLSA is a question of law, reviewable de novo. *See id.* at 1201. Evidentiary rulings are reviewed for abuse of discretion. *See United States v. McClintock*, 748 F.2d 1278, 1291 (9th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 75, 88 L.Ed.2d 61 (1985).

## ANALYSIS

### I. *Refusal to Award Back Wages*

An employee seeking to recover unpaid minimum wages or overtime under the FLSA "has the burden of proving that he

---

1. After dismissing the back wages claim, the court made this observation about the Secretary's claim for injunctive relief:

   There is no question of the fact that based on the present state of the evidence that there is substantial evidence that the defendant had violated the laws as contended by the Department of Labor. And so for that reason, a permanent injunction is certainly a viable request.

performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946). In view of the remedial purpose of the FLSA and the employer's statutory obligation "to keep proper records of wages, hours and other conditions and practices of employment," this burden is not to be "an impossible hurdle for the employee." *Id.*

> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes, ... the solution ... is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records ...; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the [FLSA].

*Id.*

■ Here, it is undisputed that overtime hours and wages were not recorded by Seto as required by the FLSA. In such a situation, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work *as a matter of a just and reasonable inference.*" *Id.* (emphasis added).

The burden then shifts to the employer to show the precise number of hours worked or to present evidence sufficient to negate "the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 688, 66 S.Ct. at 1192. If the employer fails to make such a showing, the court "may then award damages to the employee, *even though the result be only approximate.*" *Id.* (emphasis added).

■ We find that the district court erred as a matter of law in concluding that the Secretary's proof of uncompensated overtime was "too speculative." *Mt. Clemens Pottery* leaves no doubt that an award of

back wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA.

> The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the [FLSA].... *Nor is [an award] to be condemned by the rule that precludes the recovery of uncertain and speculative damages.*

*Id.* at 688, 66 S.Ct. at 1192 (emphasis added).

Seto argues that the Secretary failed to show the amount of overtime as a just and reasonable inference. In the alternative, he argues that his witnesses' testimony negated the reasonableness of the inference to be drawn from the Secretary's evidence.

These arguments are unavailing here. The district court found that Seto failed to pay overtime and minimum wages and failed to maintain records as required by the FLSA. These violations were the basis for the injunctive relief granted below. Seto does not challenge these findings or the injunction.

Once the employee "has proved that he has performed work and has not been paid in accordance with the [FLSA]," the *fact* of damage is certain. *Mt. Clemens Pottery*, 328 U.S. at 688, 66 S.Ct. at 1193. The only uncertainty is the *amount* of damage. "In such a case 'it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts.'" *Id.* (quoting *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563, 51 S.Ct. 248, 250, 75 L.Ed. 544 (1931)).

The district court's determination that the damages were too speculative ignored the legal standard established in *Mt. Clemens Pottery:* "Unless the employer can provide accurate estimates [of hours worked], it is the duty of the trier of facts to draw whatever reasonable inferences

can be drawn from the employees' evidence ...." *Id.* 328 U.S. at 693, 66 S.Ct. at 1195. The district court failed to fulfill its duty in ascertaining back wages.

The Secretary's claim for back wages is remanded to permit the district court to approximate an award based on reasonable inferences from the employees' testimony. *See Houser v. Matson,* 447 F.2d 860, 863 (9th Cir.1971) (remand where ample evidence in record from which amount of back wages can be reasonably inferred); *Wirtz v. Dix Box Co.,* 322 F.2d 499, 501 (9th Cir.1963) (remand for new trial where proffered testimony permitted determination of award of back wages with reasonable accuracy).

## II. *Refusal to Allow Compliance Officer Testimony*

■ The Secretary contends that the district court erred in excluding the CO's testimony about her back wage computations that were based in part on employees' statements as to overtime. That testimony was offered not for the truth of the employee statements, but to describe the methodology in preparing the wage transcription and computation sheets.

We find that such testimony was erroneously excluded. *See Avery v. Commissioner,* 574 F.2d 467, 468 (9th Cir.1978) (IRS agent testimony about deficiency computations based on third party statements not excludable as hearsay where admitted only to support the reasonableness of the agent's actions in computing the deficiency). *See also DiMauro v. United States,* 706 F.2d 882, 885 (8th Cir.1983) (affidavit, inadmissible to prove the assertions contained therein, was admissible for the limited purpose of determining whether the agent's reconstruction of wages rested on a reasonable basis).

We have not decided this precise issue in the context of alleged FLSA violations. However, at least two other circuits have ruled that not only the CO's testimony but the actual computations are admissible as evidence in support of an award of back wages.

In *Hodgson v. Humphries,* 454 F.2d 1279 (10th Cir.1972), the court upheld the admission of the CO's computation sheets "not as direct evidence of [wages and hours] as to which employees had testified, but only as a 'helpful summary or chart.'" *Id.* at 1282. Even though "primarily based upon information obtained through interviews with the employees," the computation sheets were properly "receive[d] ... in evidence for the limited purpose they were intended to serve." *Id.* at 1282–83. The Tenth Circuit emphasized that the back wages claim "[did] not rest solely upon the computation sheets." *Id.* at 1283. Here, we find, as did the court in *Humphries,* that "[t]he testimony of the former employees, standing alone, made out the Secretary's prima facie case." *Id.* In such circumstances both the CO's testimony and the computations are admissible.

Similarly, the Sixth Circuit in *Hodgson v. American Concrete Construction Co., Inc.,* 471 F.2d 1183 (6th Cir.), *cert. denied,* 412 U.S. 949, 93 S.Ct. 3007, 37 L.Ed.2d 1001 (1973), held that where, as here, the CO's computations of overtime pay were based in part on employer records, those computations were improperly excluded. It concluded that the computations were "relevant and competent evidence and should be admitted and considered on retrial ...." *Id.* at 1186.

We find that the district court abused its discretion in excluding the CO's testimony about the overtime computations where it was limited to showing the methodology of the computations and not the veracity of the employees' statements.

CONCLUSION

The district court failed to apply correctly the standard established in *Mt. Clemens Pottery* for awarding back wages. The testimonial evidence from employees was sufficient to impose upon the district court a duty to estimate back wages. Excluding the CO's testimony was an abuse of discretion since it was offered only to show the methodology used in the computation of back wages.

**1450**

The judgment of the district court as to back wages is reversed and the cause is remanded for determination of the amount of back wages owing, "such determination to be based either upon the present record or as supplemented by such additional evidence as the District Court may afford the parties an opportunity to offer ...." *Donovan v. Tony and Susan Alamo Foundation*, 722 F.2d 397, 405 (8th Cir.1984).

REVERSED AND REMANDED.