Ann McLAUGHLIN,[*] Secretary of Labor, Plaintiff–Appellee,

v.

HO FAT SETO, dba: Ho Fat of California, Defendant–Appellant.

No. 87–5515.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 1988.

Decided June 28, 1988.

---

* Ann McLaughlin is substituted for plaintiff William E. Brock, III, pursuant to Fed.R.App.P. 43(c)(1).

Edwin M. Rosenberg, Los Angeles, Cal., for defendant-appellant.

Claire Brady White, U.S. Dept. of Labor, Washington, D.C., for plaintiff-appellee.

Before TANG, FLETCHER and PREGERSON, Circuit Judges.

TANG, Circuit Judge:

Ho Fat Seto (Seto) appeals the district court's award of back wages and liquidated damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, to twenty-three non-testifying employees. Seto argues that the district court erred by determining a class-wide violation of the Act because the testifying employees were not "fairly representational" of the remaining employees. He contends that the testimony was inconsistent and conflicted with the testimony of four rebuttal witnesses. We affirm.

## I.

Seto owns and operates a garment factory in Los Angeles. He pays piece-rate wages to employees who sew or press gar-

ments. On weekdays, workers are regulated by a bell that rings to mark the beginning and end of the workday and work breaks.

This action was brought under sections 16(c) and 17 of the FLSA. The Secretary sought to enjoin Seto from violating the FLSA's minimum wage, overtime and recordkeeping provisions, from shipping in interstate commerce goods produced by individuals employed in violation of the FLSA, and from withholding back wages due to twenty-eight named employees. The Secretary also sought liquidated damages in an amount equal to the back wage award, and requested costs. Seto admitted FLSA coverage, but denied that any violation existed.

During her case-in-chief the Secretary presented the testimony of five named employees. Based upon the Secretary's representation that the testimony of the twenty-three remaining employees would be largely similar, and that all employees worked the same general hours and were paid on a piece-rate basis, the district court permitted only those five to testify on behalf of the Secretary. All of the Secretary's employee witnesses testified that they began working around 7:00 a.m. but were not permitted to punch the factory time clock until the morning bell rang at 7:30 a.m. They all testified that they worked nearly every Saturday from 7:30 a.m. to 2:15 p.m., and that they did not punch a timecard for their Saturday work. Three of the employees stated that they worked past the quitting bell in the afternoon but that they punched out, or somebody else punched out for them, as having ceased work when the quitting bell rang at 4:30 p.m. The Secretary's witnesses stated that the hours reflected on their paycheck stubs always underrepresented the hours they worked and that they were not paid for the hours they worked in excess of forty hours per week. Four testified that Seto misrepresented the hours actually worked in a given week to artificially comply with the minimum wage laws.

The Secretary's Compliance Officer testified that she calculated wages due by interviewing 16 employees. She stated that she figured back wages due to some employees based on interviews with co-workers, on comparisons of payroll records, check stubs and time cards, and on Seto's representations. She adjusted the calculations by figuring time off when the factory was closed, when work was slow, or employees were ill.

Seto presented no case-in-chief, but offered four rebuttal witnesses. Three of the rebuttal witnesses were current piecework Seto employees; the fourth was Seto's job supervisor. The three current employees testified that they never worked before or after the starting or quitting bells or on Saturdays. On cross-examination, one of Seto's rebuttal witnesses, when confronted with a questionnaire signed with her name and stating that she had worked thirty-five Saturdays, denied having signed the statement. Seto's job supervisor, Lydia Gutierrez, testified that the factory was open "very rarely" on Saturdays, and if employees did work on Saturdays, they punched a timecard. Ms. Gutierrez testified that when employees worked overtime they were paid overtime; she stated that if employees claimed they were not making the minimum wage, she would give them the minimum.

The district court found minimum wage, overtime, and recordkeeping violations. It ordered back wages in the amount requested by the Secretary, plus post-judgment interest, and liquidated damages. The court also enjoined Seto from future wage and recordkeeping violations and from shipping in interstate commerce goods manufactured under practices violating the FLSA, and ordered costs and attorney's fees in favor of the Secretary.

## II.

We review the district court's findings of fact for clear error. *Brock v. Seto,* 790 F.2d 1446, 1447 (9th Cir.1986). The district court's application of the burden of proof in a claim for unpaid overtime under the FLSA is a question of law, reviewed de novo. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687, 66 S.Ct. 1187, 1192,

90 L.Ed. 1515 (1946); *Brock v. Seto*, 790 F.2d at 1447.

### III.

Seto contends that the district court erred in awarding back wages to the non-testifying employees because the five witnesses presented by the Secretary failed to establish a pattern of FLSA violations. We disagree.

■ The district court found that Seto's payroll records were false and inaccurate. Seto does not dispute that finding in this appeal. Where an employer failed to maintain accurate payroll records an employee carries his burden under the FLSA if he shows he performed work for which he was improperly compensated and produces some evidence to show the amount and extent of that work "as a matter of just and reasonable inference." *Mt. Clemens Pottery*, 328 U.S. at 687, 66 S.Ct. at 1192; *Brock v. Seto*, 790 F.2d at 1448.

■ We hold that the *Mt. Clemens Pottery* standard allows district courts to award back wages under the FLSA to non-testifying employees based upon the fairly representative testimony of other employees. *See Donovan v. Bel–Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir.1985) (granting back wages under the FLSA to non-testifying employees based upon the representative testimony of a percentage of the employer's employees). The burden is not on the employees to prove the precise extent of uncompensated work. *Mt. Clemens Pottery*, 328 U.S. at 687, 66 S.Ct. at 1192. The testimony of the Secretary's five employee witnesses, while inconsistent in terms of exact days and hours of overtime worked, established "as a matter of just and reasonable inference," *id.*, that all of the employees regularly worked over eight hours on weekdays and over six hours on many Saturdays. All five of the Secretary's witnesses testified that they worked before the 7:30 a.m. bell on weekdays and that they worked Saturdays. Three witnesses stated that they worked beyond the 4:30 p.m. bell weekdays. The testimony directly supports the district court's findings that all Seto's employees regularly worked over forty hours per week. The twenty-three non-testifying employees established a prima facie case that they had worked unreported hours. *See Brock v. Seto*, 790 F.2d at 1449; *Wirtz v. Dix Box Co.*, 322 F.2d 499, 501 (9th Cir.1963).

■ Once the employees establish a prima facie case, the burden shifts to the employer to come forward with evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employees' evidence. *Mt. Clemens Pottery*, 328 U.S. at 687–88, 66 S.Ct. 1192–93. Seto presented four rebuttal witnesses, each of whom testified that working hours were from 7:30 a.m. to 4:30 p.m. Monday through Friday. All of the rebuttal witnesses were current Seto employees. Seto argues that their testimony negated the inference that all employees were similarly situated. We disagree. The district court determined that the four witnesses were not credible. We accord great deference to the trial court's opportunity to assess the credibility of witnesses. Fed.R.Civ.P. 52(a); *Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 1512, 84 L.Ed. 2d 518 (1985). The district court's credibility determination is not clearly erroneous. The testimony of Seto's four rebuttal witnesses fails to negate the reasonable inferences drawn from the employees' evidence.

■ Where an employer fails to meet its burden, the district court "may then award damages to the employee, even though the result be only approximate." *Mt. Clemens Pottery*, 328 U.S. at 688, 66 S.Ct. at 1192. Under that standard, the district court's damages awards were proper. The court considered the inconsistencies in the testimony of the Secretary's witnesses when it formulated the awards. The damages were based on reasonable inferences drawn from the employees' testimony. *See Brock v. Seto*, 790 F.2d at 1449 (remanding the Secretary's claim for back wages to permit the district court to approximate an award based on reasonable inferences from employees' testimony).

## CONCLUSION

The district court properly concluded that the five witnesses presented by the Secretary fairly represented the entire class of employees. Seto failed to carry his burden of establishing the precise amount of work performed by the employees or negating the reasonable inferences drawn from the employees' evidence. *Mt. Clemens Pottery*, 328 U.S. 687–88, 66 S.Ct. at 1192–93. The district court's damages award was properly based upon reasonable inferences from the employees' testimony. *Brock v. Seto*, 790 F.2d at 1448–49.

AFFIRMED.