87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey H. CLARK, Kelley B. Ramsey, Plaintiffs-Appellees,
v.
A & B AUTOMOTIVE & TOWING SERVICE, INC., an Oregon
corporation, Defendant-Appellant.
 No. 95-35116.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1996.
Decided June 07, 1996.
 
 Before: GOODWIN, SKOPIL, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 BACKGROUND
 
 2
 Jeffrey H. Clark and Kelly B. Ramsey were both Tow Truck drivers for A & B Automotive and Towing Services, Inc. ("A & B"). They brought this action against A & B under the Fair Labor Standards Act and its Oregon counterpart. See 29 U.S.C. §§ 201-209 and ORS §§ 653.010 and 653.610.
 
 
 3
 The district court conducted a bench trial. Plaintiffs were not able to prove precisely their starting dates or the hours they worked during any given week, but testified as to approximate dates and hours. Defendant A & B's primary contention was that A & B is exempt from the FLSA (under an interstate transport exception, 29 U.S.C. § 213(b)(1)). When the district court rejected that argument, A & B did not introduce any employment records to clarify exactly how much Clark and Ramsey did work. A & B presented only one witness, who did not testify on the issue of plaintiffs' wages or working hours.
 
 
 4
 The district court concluded that A & B had failed to keep records detailing Clark and Ramsey's employment, in violation of the FLSA, 29 U.S.C. § 211. Because employers in FLSA cases are generally not allowed to hide behind their inadequate record keeping, the district court held it was entitled to make just and reasonable inferences about the amount and extent of work plaintiffs performed, based on what proof the plaintiffs were able to muster. See Anderson v. Mt. Clemens Pottery Co., 66 S.Ct. 1186, 1192 (1946); Brock v. Seto, 790 F.2d 1446, 1448 (9th Cir.1986). The court's judgment rested on such inferences.
 
 
 5
 A & B first argues that plaintiffs Ramsey and Clark did not advance any evidence that A & B kept inadequate employment records, so the court's inferences were unwarranted. The district court noted that A & B's theory at trial was that they were exempt from the FLSA, and that A & B provided no records to rebut plaintiff's testimony. Plaintiffs were not required to prove a negative. In the absence of A & B's records, the district court was well within its discretion in making the inferences it did. Anderson, 66 S.Ct. at 1192.
 
 
 6
 A & B also argues that the district court erred by finding that plaintiffs Clark and Ramsey were entitled to compensation for sixteen-and-a-quarter hours per week of the time they spent as on-call tow truck drivers in the evening hours. Clark and Ramsey's testimony, however, would have allowed the district court to award even more compensable on-call time than the district court actually found. Since the district court was entitled to credit Clark and Ramsey's testimony, its finding was not clearly erroneous. Moreover, the district court did not err in inferring the plaintiffs' starting dates from (1) the day Clark's road test for his job with A & B was certified, and (2) the date that Ramsey's insurance enrollment form indicated a new hire.
 
 
 7
 Finally, A & B takes issue with the district court's methodology for calculating Clark and Ramsey's hourly rate of pay. A & B argues that under 29 C.F.R. § 778.104, each work week stands alone, and that averaging over multiple weeks is impermissible. The district court considered this argument and decided that Part 778 of the C.F.R. is intended to guide employers in calculating over-time pay in the first instance. The district court held that it was not bound by these regulations when calculating damages, particularly where the employer has violated the FLSA record keeping requirements, thereby making weekly computation all but impossible. We agree with the reasoning articulated by the district court.
 
 
 8
 The decision is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3