Tanisha MANUEL, Plaintiff–Appellant,

v.

QUEST DIAGNOSTICS, INC.,
Defendant–Appellee.

No. 08–15453.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2009.

Filed Aug. 12, 2009.

Sharon L. Nelson, Nelson Law, Las Vegas, NV, for Plaintiff–Appellant.

Scott M. Mahoney, Esquire, Fisher & Phillips, LLP, Las Vegas, NV, for Defendant–Appellee.

Before: TROTT, McKEOWN, and IKUTA, Circuit Judges.

### MEMORANDUM *

■ Manuel's testimony, which was based on firsthand knowledge, constitutes competent evidence that she worked overtime hours for Quest Diagnostic, Inc. ("Quest") for which she was not compensated. *See SEC v. Phan,* 500 F.3d 895, 909–10 (9th Cir.2007); *cf.* Fed.R.Civ.P. 56(c), (e)(1). Manuel testified that she worked during her breaks or past her shift, and that this overtime work was not recorded on her time sheets as a result of pressure from her supervisor. She testified that she was required to work uncompensated overtime a minimum of 10 or 12 times, but likely more than 20 times. The overtime occurred during her lunch breaks, which were 30 minutes in length, and after work, when she typically worked an extra 30 minutes. **ER 33, 37, 87.** This testimony is sufficient to create a genuine issue of material fact as to whether Manuel worked uncompensated overtime in violation of the Fair Labor Standards Act ("FLSA"). Once Manuel "proved that [s]he has performed work and has not been paid in accordance with the FLSA, the *fact* of damage is certain," *Brock v. Seto,* 790 F.2d 1446, 1448 (9th Cir.1986) (internal quotation marks and alteration omitted), and Manuel was not required to "prove the precise extent of uncompensated work," *McLaughlin v. Seto,* 850 F.2d 586, 589 (9th Cir.1988). Rather, "it is the duty of the trier of facts to draw whatever reasonable inferences can be drawn from the employees' evidence." *Brock,* 790 F.2d at 1448–49 (internal quotation marks and alteration omitted) (quoting *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 693, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)); *see also Alvarez v. IBP, Inc.,* 339 F.3d 894, 914–15 (9th Cir.2003). Manuel's evidence, taken in the light most favorable to her, also creates a genuine issue of material fact as to whether Quest had actual or constructive knowledge of uncompensated overtime hours. *See Forrester v. Roth's I.G.A. Foodliner, Inc.,* 646 F.2d 413, 414 (9th Cir.1981). Accordingly, the district court erred in granting summary judgment in favor of Quest on Manuel's claim for unpaid overtime.

■ The district court did not err, however, in concluding that Manuel is not entitled to liquidated damages based on the $48 in unpaid overtime, because Manuel failed to create a genuine issue of material fact as to whether Quest's arithmetical error in calculating that overtime was a bad

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

faith violation of 29 U.S.C. § 207. *See* 29 U.S.C. § 260.

■ Nor did the district court err in granting Quest's motion for summary judgment on Manuel's retaliation claim, because Manuel's complaints to Quest failed to meet "the minimum specificity with which an employee must assert an alleged FLSA violation in order to find protection under § 215(a)(3)." *Lambert v. Ackerley*, 180 F.3d 997, 1008 (9th Cir.1999) (en banc). Manuel complained that she was pressured to accommodate the client by working during her break or after her shift ended, while also being pressured to avoid overtime. She did not complain, however, that she was unpaid for overtime she had worked, or that she was pressured to falsify her time cards. Her complaints were therefore insufficient to have "communicate[d] the substance of h[er] allegations to the employer (e.g., that the employer has failed to pay adequate overtime, or has failed to pay the minimum wage)." *Id.* at 1008 (emphasis omitted).

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**