**Timothy BLOTZER and Fred Lilly, Plaintiffs,**

v.

**L–3 COMMUNICATIONS CORPORATION, Defendant.**

**No. CV–11–274–TUC–JGZ.**

United States District Court, D. Arizona.

April 11, 2012.

Darrel Scott Jackson, Matthew Edward Walls, Michelle Ray Matheson, Matheson & Matheson PLC, Scottsdale, AZ, for Plaintiffs.

Juliet S. Burgess, Laurent Richard George Badoux, Littler Mendelson PC, Phoenix, AZ, for Defendant.

## ORDER

JENNIFER G. ZIPPS, District Judge.

Pending before the Court is a Motion to Quash filed by Plaintiffs on April 3, 2012. (Doc. 53.) Defendant filed a response to the Motion on April 9, 2012. (Doc. 57.) For the reasons stated herein, the Court will grant the Motion.

## BACKGROUND

Plaintiffs' Complaint alleges a single cause of action against Defendants: a claim for unpaid overtime pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et*

*seq.* ("FLSA"). Defendant has served three of Plaintiff Blotzer's former employers with subpoenas *duces tecum* seeking:

> all employment records and documents relating to Timothy Blotzer ... including, but not limited to, any and all employment applications, hiring documents, acknowledgments, time cards, schedules, performance reviews, evidence of sales, salary history, commission amounts paid, leaves of absence, benefit and medical records, disciplinary records termination records, complaints, correspondence, e-mails and any and all written materials that would be housed in an employee's personnel and supervisor's file.

(Doc. 53-1, pg. 14.) Plaintiffs move to quash the third-party subpoenas on the ground that the subpoenas seek private information that is not relevant and is not likely to lead to the discovery of admissible evidence. Plaintiffs also seek a protective order prohibiting Defendants from utilizing information already received from third parties in response to the subpoenas. In its response, Defendant alleges that the requested records are relevant to challenging Blotzer's credibility.

## ANALYSIS

■ Under Rule 45(c)(3)(A), Fed.R.Civ. P., a party may move to quash or modify a subpoena if it requires the disclosure of "privileged or other protected matter, if no exception or waiver applies." A party has standing to challenge a subpoena served on another entity only if the party can show it has a personal right or privilege regarding the subject matter of the subpoena.[1] *See Delta Mechanical, Inc. v. Garden City Group, Inc.,* 2010 WL 2609057, *2 (D.Ariz. 2010). Pursuant to Rule 26(c)(1)(B), Fed. R.Civ.P., a party may move for an order to protect itself from "annoyance, embarrassment, oppression, or undue burden or expense." Subject to these limitations, Defendant may obtain discovery on any non-privileged matter that is relevant to any claim, and information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discov-

ery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

■ In considering whether a party has standing to move to quash a subpoena *duces tecum,* courts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena. *See, e.g., Barrington v. Mortage IT, Inc.,* 2007 WL 4370647, *2 (S.D.Fla.2007) (collecting cases). Personnel files may contain information that is both private and irrelevant to the case, therefore special care must be taken before personnel files are turned over to an adverse party. *See Professional Recovery Services, Inc. v. General Elec. Capital Corp.,* 2009 WL 137326, *4 (D.N.J. Jan. 15, 2009); *see also Sanchez v. City of Santa Ana,* 936 F.2d 1027 (9th Cir.1990) (recognizing that employee personnel files are not absolutely privileged but are confidential in nature). Discovery may be denied or narrowly tailored to balance the needs of the case against a party's reasonable expectations of privacy. *See Professional Recovery Services,* 2009 WL 127326, at *4.

■ The records requested by Defendant are not reasonably calculated to lead to the discovery of admissible evidence. An employee seeking to recover unpaid minimum wages or overtime under the FLSA "has the burden of proving that he performed work for which he was not properly compensated." *Brock v. Seto,* 790 F.2d 1446, 1447–48 (9th Cir.1986). Defendant contends that Plaintiff Blotzer opened the door to credibility challenges when he offered deposition testimony regarding his timekeeping practices. Specifically, Defendant points to Blotzer's deposition testimony suggesting that: (1) he worked additional hours that he did not report when he submitted his time sheets; (2) the prior employment dates Blotzer provided on Defendant's employment application were not accurate; and (3) Blotzer told a previous employer that he was taking vacation (rather than resigning) in order to

---

1. A party wishing to assert a claim of privilege must expressly make the claim. *See* Rule 26(b)(5)(A). Although Plaintiffs have described

Blotzer's employment records as "private," Plaintiffs have not asserted that the subpoenaed documents are protected by privilege.

ensure payment for vacation hours he had accumulated. Defendant claims that, if permitted to review Blotzer's personnel files from prior employers, it might discover evidence that Blotzer falsified time records submitted to former employers or received unearned payments from former employers. However, evidence of dishonest conduct during prior employment would not be admissible to show that Blotzer inaccurately reported his overtime while working for Defendant. As a threshold matter, Blotzer's own deposition testimony suggesting that he provided false information on his employment application and did not accurately report his overtime while employed by Defendant is the best evidence with which to challenge Blotzer's credibility. In addition, evidence of previous dishonest conduct is inadmissible pursuant to Rule 404(a), Fed.R.Evid., which prohibits the admission of character evidence to prove that, on a particular occasion, a person acted in accordance with that trait. Finally, the subpoenas are overly broad, requesting Blotzer's entire employment file, including salary history and medical records that bear no relationship to the issues in this case.[2]

 Defendant contends that Plaintiffs cannot obtain a protective order pursuant to Rule 26(c)(1) because they are not the party "from whom discovery is sought" and because they failed to confer with Defendant prior to seeking court action. However, Rule 26(c)(1) provides that the court may, for good cause, issue an order to protect a party or person from "undue burden;" the court's ability to issue such an order is not limited to

circumstances in which the burdened party is the party "from whom discovery is sought." According to Defendant, two of the three parties involved in the subpoena dispute have already produced responses to the subpoenas. Given that Defendant is now in possession of Blotzer's confidential and inadmissible employment records, the Court is left with no option but to issue a protective order to ensure that Defendant does not utilize any documents or information it obtained through the subpoenas. Moreover, the e-mail correspondence between the parties' counsel that is attached to Plaintiffs' Motion, as well as the parties' communications with chambers seeking permission to file the pending Motion, establish Plaintiffs' good faith effort to resolve this dispute.

**THEREFORE, IT IS ORDERED:**

1. Plaintiffs' Motion to Quash filed on April 3, 2012 (Doc. 53) is GRANTED;

2. Defendant shall return any documents or information it obtained through the subpoenas served upon Blotzer's former employers to Plaintiffs within five days of the date this Order is filed;

3. Defendant is prohibited from distributing or in any way utilizing any documents or information it obtained through the subpoenas served upon Blotzer's former employers.

**2.** The Court rejects Defendant's assertion that this case is analogous to *Goulet v. Mederi Caretenders*, 2011 WL 652851 (M.D.Fla. Feb. 14, 2011). In that case, defendant was plaintiff's former employer and subpoenaed records from plaintiff's current employer on the ground that the employment records might contain party admissions regarding the nature and scope of plaintiff's employment with defendant. *Goulet* is not factually applicable.