**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOE SOLIS GARCIA,<br><br>    Plaintiff - Appellant,<br><br> And<br><br>ERNESTO SANTANA,<br><br>    Plaintiff,<br><br> v.<br><br>MARIO BANA, DBA Ideal RV & Trailer Supply; NANCY BANA, DBA Ideal RV & Trailer Supply,<br><br>    Defendants - Appellees. | No. 13-15325<br><br>D.C. No. 3:11-cv-02047-LB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted March 9, 2015[**]
San Francisco California

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Noe Solis Garcia and Ernesto Santana filed a wage and hour action against Mario and Nancy Bana d/b/a/ Ideal RV & Trailer Supply ("Ideal RV"), alleging a number of claims under the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), and California law. The parties consented to proceed before the magistrate court and following a one-day bench trial, the court entered judgment in favor of Ideal RV.[1] Garcia raised six causes of action in his complaint, but he appeals only the trial court's determination that Garcia failed to prove he worked overtime for which Ideal RV did not pay him. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

1.     We reject Garcia's argument that the trial court committed legal error under *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680 (1946). Garcia argues that because he testified that he worked six days a week and was never compensated for his overtime work, the trial court was required to credit this testimony and "analyze[] whether the hours claimed by Plaintiff are reasonable in light of the evidence on [sic] the records [sic]." Garcia misreads the law. Regardless of whether Ideal RV kept accurate payroll records, to succeed in his overtime claims Garcia "'has the

---

[1] Before trial, plaintiffs' counsel stipulated to dismiss with prejudice all of Santana's claims. Only Garcia's claims proceeded to trial.

burden of proving that he performed work for which he was not properly compensated.'" *Brock v. Seto*, 790 F.2d 1446, 1447–48 (9th Cir. 1986) (quoting *Anderson*, 328 U.S. at 686–87). After evaluating the testimony presented at trial—and finding that Garcia provided less-than-credible testimony—the trial court made the factual finding that Garcia's Saturday work was not overtime work because although "Garcia occasionally or often worked on Saturdays, . . . when he did he had taken off a day during the week." Based on this determination, the court concluded that Garcia failed to meet his burden under *Anderson*. This was not legal error.

2.      We likewise reject Garcia's contention that the trial court erred because the court "did not give Plaintiff's testimony much weight" and "gave full credence" to the testimony of other witnesses. The trial court was tasked with resolving any conflicts in the evidence, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (noting that it is the responsibility of the trial of fact "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts"), and thus, the court was free to disregard Garcia's vague and evasive testimony, *see Brennan v. Elmer's Disposal Serv., Inc.*, 510 F.2d 84, 88 (9th Cir. 1975) ("The credibility of witnesses is best determined by the judge at trial."). Garcia, therefore, fails to establish that the trial court's findings were

3

clearly erroneous.  *See Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d

837, 843 (9th Cir. 2004) ("Following a bench trial, the judge's findings of fact are

reviewed for clear error.").[2]

**AFFIRMED.**

---

[2] In the reply brief, Garcia's counsel questions the trial judge's motive for ruling in the defendants' favor.  Although these spurious speculations had no bearing on our decision in this matter, we note that they are entirely inappropriate.  Indeed, the record makes clear that the trial court diligently weighed all of the evidence presented by the parties before rendering judgment.