**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENDI BERNDT, et al., | No. 13-56142 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-08579-GAF-AJW |
| v. | |
| CITY OF LOS ANGELES, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted July 9, 2015
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

The plaintiffs ("Berndt" or "the Officers") appeal the district court's grant of

summary judgment to the City of Los Angeles dismissing Berndt's claims that the

City violated the Fair Labor Standards Act (FLSA). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. The FLSA, as interpreted by Department of Labor (DOL) regulations, permits the City's practice of compensating its employees' "gap time" with compensatory time off (CTO).

The regulations expressly classify CTO "earned and accrued by an employee for employment in excess of a nonstatutory (that is, non-FLSA) requirement" as "other" CTO not subject to the statutory overtime rate. 29 C.F.R. § 553.28. "For example, a collective bargaining agreement may provide that compensatory time be granted to employees for hours worked in excess of 8 in a day . . . ." § 553.28(a) The City's use of CTO to compensate "gap time" is specifically provided for by the collective bargaining agreement under which the Officers are employed. Their challenge to the City's use of CTO for gap time therefore fails.

2. The City has established that there is no genuine issue of material fact for trial by showing that the Officers have failed to present competent evidence of a fact that they bear the burden of establishing. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). That fact is whether the Officers performed work for which they were not properly compensated. See *Brock v. Seto*, 790 F.2d 1446, 1447–48 (9th Cir. 1986) ("An employee seeking to recover unpaid minimum wages or overtime under the FLSA 'has the burden of proving that he performed work for which he

was not properly compensated.'" (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

Under the FLSA, employees "in law enforcement activities" are exempt from the statute's 40-hour workweek requirement. 29 U.S.C. § 207(k). The criteria governing which employees qualify for this exemption are laid out in DOL regulations. *See* 29 C.F.R. § 553.211(a). The City bears the burden of proving that the Officers performed law enforcement activities. *See Cleveland v. City of L.A.*, 420 F.3d 981, 988 (9th Cir. 2005).

The City has established that its officers generally fall within the 207(k) exemption, as provided for in the memorandum of understanding ("MOU") between the City and the Officers' union. The MOU gives rise to the inference that the City's police officers, through their collective bargaining representative, recognize that they meet the 207(k) criteria. With one exception — the declaration by plaintiff Alfredo Flores — Berndt's evidence does not provide any facts suggesting that the Officers' work consisted of non-law-enforcement activities.

The Flores declaration states that Flores's "peace officer powers were suspended" and that he "was required to work in an administrative role."  The regulatory criteria for the 207(k) exemption do not, however, focus on the work the individual officer is actually performing, but, instead, on the officer's training,

3

assignment to a "body of officers" with law enforcement authority, and endowment with the "power to arrest." 29 C.F.R. § 553.211(a). Flores's conclusory declaration does not address any of these specific criteria. Moreover, Flores did not state that he worked overtime during the period in which his peace officer powers were suspended. The declaration therefore does not raise a disputed issue of fact regarding whether Flores worked overtime while in a non-exempt status, and consequently was due additional compensation.

As Berndt has not provided any other documentation in support of her contention that the Officers worked overtime while inappropriately classified under § 207(k), she has not created a "genuine issue of material fact" on the compensation question. *See Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). The district court's grant of summary judgment to the City was thus appropriate.

3. Berndt's claims under state law are waived due to insufficient argument.

Berndt makes two cursory state law arguments in a single paragraph in her opening brief. First, Berndt asserts that the City's CTO practice violates the principle that wages are due on payday. But the only authority Berndt cites for this principle discusses generally when a cause of action for unpaid wages accrues, not when CTO may be paid. *See Cuadra v. Millan*, 17 Cal. 4th 855, 859 (1998). As

4

Berndt has done "little more than cite" a case without clear application to the instant case, "we are left to guess precisely what [Berndt] meant to argue," and "may not consider the question." *San Diego Unified Port Dist. v. Gianturco*, 651 F.2d 1306, 1319 n.36 (9th Cir. 1981). Similarly, Berndt's second state law claim, that the City may not use CTO as compensation unless it is "affirmatively authorized by law," is not supported by any authority. Such a "bare assertion" is insufficient to present the issue for meaningful appellate review. *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).

Even if Berndt's state law arguments were not waived, they would fail on the merits. California's "home rule" doctrine holds that the compensation of public employees is generally a matter of local concern, and that most state wage laws therefore do not apply to the employees of charter cities. *See, e.g.*, *Curcini v. Cnty. of Alameda*, 164 Cal. App. 4th 629, 643 (2008); *Dimon v. Cnty. of Los Angeles*, 166 Cal. App. 4th 1276 (2008) (declining to apply state meal period laws to county probation officers); *cf. Sonoma Cnty. Org. of Pub. Emps. v. Cnty. of Sonoma*, 23 Cal. 3d 296, 317 (1979). State law may apply to charter cities when the law deals with matters of "statewide concern." *State Bldg. & Const. Trades Council of Cal., AFL-CIO v. City of Vista*, 54 Cal. 4th 547, 556 (2012). But Berndt has not demonstrated that the present case implicates a matter of statewide concern.

*Jernagin v. City of L.A.*, No. B241411, 2013 WL 2336342, at \*1 (Cal. Ct. App. May 29, 2013), which Berndt raised for the first time at oral argument, did not concern municipal law enforcement employees or the use of CTO, and so does not support application of the statewide concern exception here.

    **AFFIRMED**.