NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBORAH ANDERSON, | No. 19-55207 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-03759-SVW-RAO |
| v. | |
| EQUINOX HOLDINGS, INC., a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| EQUINOX FITNESS GLENDALE, INC.; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 10, 2020**
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and GORDON,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Deborah Anderson appeals the district court's judgment in favor of Defendant Equinox Holdings, Inc. ("Equinox"), and the district court's subsequent order partially granting Anderson's motion for attorneys' fees. Because Anderson filed a notice of appeal within thirty days after entry of the judgment and an amended notice of appeal within thirty days after entry of the fees order, the appeal is timely. *See* Fed. R. App. P. 4(a); *Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) (explaining that a party wishing to challenge a post-judgment order awarding attorneys' fees must file a separate notice of appeal or an amended notice of appeal). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Anderson argues that the district court erred in concluding that she did not meet her burden to show a reasonable estimate of any off-the-clock work. Where an employer fails to maintain accurate employment records, a plaintiff has only an initial burden to produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986); *Hernandez v. Mendoza*, 245 Cal. Rptr. 36, 40 (Ct. App. 1988). "The burden then shifts to the employer to show the precise number of hours worked or to present evidence sufficient to negate 'the reasonableness of the

---

 *** The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

2

inference to be drawn from the employee's evidence.'" *Brock*, 790 F.2d at 1448 (quoting *Mt. Clemens*, 328 U.S. at 688). Where the employer fails to make such a showing, the court may then award damages (even if only approximate) to the employee. *Id.*

Here, assuming *Mt. Clemens*'s burden-shifting framework applies, the district court did not err in concluding that Anderson failed to meet her initial burden. Initially, the district court did not clearly err in determining that Anderson's testimony regarding any off-the-clock work was not credible. *See Brennan v. Elmer's Disposal Serv., Inc.*, 510 F.2d 84, 88 (9th Cir. 1975) ("The credibility of witnesses is best determined by the judge at trial."). Apart from her testimony, Anderson did not present any accounting of her off-the-clock time, nor did she not provide the court with any way to determine a reasonable estimate of the extent of such work using the exhibit evidence admitted at trial. Thus, Anderson failed to show the amount of any off-the-clock work "as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687.

Further, the district court did not clearly err in finding that Anderson failed to demonstrate that Equinox knew or should have known that she was working off the clock, an element of her claim. *Brinker Rest. Corp. v. Superior Court*, 273 P.3d 513, 544 (Cal. 2012). An employer's general ability to discover employees' off-the-clock work is insufficient to prove it should have known about any specific

3

employee's work. *See White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1083–85 (N.D. Cal. 2007), *cited with approval in Brinker*, 273 P.3d at 544; *Jong v. Kaiser Found. Health Plan, Inc.*, 171 Cal. Rptr. 3d 874, 880 (Ct. App. 2014) (explaining that evidence must "meet the 'should have known' requirement, as opposed to 'could have known'").

2.      Anderson's claim for indemnity related to unreimbursed cell phone expenses fails for similar reasons. Here, too, the district court did not clearly err in finding that Anderson's testimony on this issue was not credible. Assuming *Mt. Clemens*'s burden-shifting framework applies, Anderson did not provide a reasonable estimate of any unreimbursed cell phone expenses.

3.      Anderson's meal and rest break claims also fail. The district court did not clearly err in finding that Anderson's testimony regarding meal and rest break interruptions was not credible. In light of the remaining evidence and testimony, the district court did not clearly err in finding that Equinox did not require Anderson to work through meal and rest breaks and did not otherwise interrupt her breaks. *See Brinker*, 273 P.3d at 520–21 ("[A]n employer's obligation is to relieve its employee of all duty, with the employee thereafter at liberty to use the meal period for whatever purpose he or she desires, but the employer need not ensure that no work is done.").

4.      Anderson's derivative claims for failure to provide itemized wage

statements, failure to pay wages when due, and unfair business practices all necessarily fail along with the claims discussed above.

5. Because all of Anderson's substantive claims fail, Anderson's challenge to the district court attorneys' fees order fails as well.

**AFFIRMED.**