NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANESH VARNER,

Plaintiff-Appellant,

v.

SHORESIDE PETROLEUM, INC.,

Defendant-Appellee.

No.    19-35978

D.C. No. 3:18-cv-00189-TMB

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Submitted August 11, 2020**
Anchorage, Alaska

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.

Danesh Varner appeals the district court's grant of summary judgment to his

former employer, Shoreside Petroleum, Inc. ("Shoreside"), on his claim under the

Fair Labor Standards Act ("FLSA") alleging that Shoreside failed to pay overtime

wages for his work as an after-hours dispatcher. We have jurisdiction pursuant to

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Panel

28 U.S.C. § 1291 and we affirm.

Varner began working for Shoreside as a truck driver in June 2010, and was promoted to dispatcher in May 2011. As a dispatcher, Varner worked at Shoreside's distribution center in Anchorage. In addition to his day shifts as a dispatcher, Varner was responsible for managing Shoreline's phoneline after hours on a company cellphone. In 2016, Shoreside eliminated the dispatcher position and offered Varner the opportunity to resume working as a truck driver. Instead, Varner quit and filed suit, alleging that Shoreside owed him unpaid wages for the 11,974 hours he served as the after-hours dispatcher.

To prevail on a claim under the FLSA for unpaid wages, a plaintiff "has the burden of proving that he performed work for which he was not properly compensated." *Brock v. Seto*, 790 F.2d 1446, 1447–48 (9th Cir. 1986) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). "[T]ime spent waiting for work is compensable if the waiting time is spent 'primarily for the benefit of the employer and his business.'" *Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 350 (9th Cir. 1992) (quoting *Armour & Co. v. Wantock*, 323 U.S. 126, 132 (1944)). "Whether time is spent predominantly for the employer's benefit . . . is . . . dependent upon all the circumstances of the case." *Armour*, 323 U.S. at 133. "For example, facts may show that the employee was 'engaged to wait,' which is compensable, or they may show that the employee

'waited to be engaged,' which is not compensable." *Owens*, 971 F.2d at 350 (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 137 (1944)). We review the district court's grant of summary judgment de novo. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 629 (9th Cir. 1987).

1. Varner concedes that the district court correctly applied the *Owens* factors but contends that *Owens* does not control our analysis because waiting in readiness was integral to his job duties as a dispatcher such that his wait time is compensable. In support, Varner relies heavily on *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27 (2014). There, the Supreme Court held that warehouse employees were not entitled to compensation for the time it took them to go through a mandatory post-shift security screening, reasoning that the screening was not "integral and indispensable to the principal activities [the] employee[s] [were] employed to perform[.]" *Id.* at 37. However, Varner's reliance on *Integrity Staffing* is unavailing, as Varner's claim does not turn on whether there was preliminary or postliminary time for which he should have been compensated. Moreover, Varner fails to offer any persuasive reasoning for his conclusory argument that "[a]pplying the concept of 'integral and indispensable' to Varner's after hours dispatcher position it is clear that waiting for incoming calls is compensable."

2. Varner also argues that he was automatically entitled to compensation

because he was always "on duty." This argument is likewise unavailing. Regardless of the label attached by an employee or employer to a given period of time, whether an employee is "working" under the FLSA is determined by "whether [the] time is spent predominantly for the employer's benefit." *Armour*, 323 U.S. at 133; *see* 29 C.F.R. § 785.15 (on-duty time is that during which "the employee is unable to use the time effectively for his own purposes"). That inquiry is guided by "(1) the degree to which the employee is free to engage in personal activities; and (2) the agreements between the parties." *Owens*, 971 F.2d at 350 (footnote omitted). Varner concedes that the district court properly applied the *Owens* factors when it held that he was not "working" during all of the hours he served as the after-hours dispatcher. Varner cannot escape *Owens*'s ambit simply by proclaiming that he was always "on duty." Accordingly, the district court did not err in granting Shoreside summary judgment on Varner's FLSA claim.[1] Each party will bear its own costs.

**AFFIRMED.**

---

[1] The district court noted that Varner was potentially entitled to "overtime pay for the time he actually spent responding to calls in excess of two hours." However, the district court granted summary judgment on this issue because Varner failed to carry his burden of production to put forth evidence that these hours existed. On appeal, Varner does not address whether he carried his burden of production, therefore we affirm the district court's grant of summary judgment on this issue as well.