**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, | No. 20-16385 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-02353-GMN-EJY |
| v. | |
| WELLFLEET COMMUNICATIONS; et al., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted October 5, 2021
San Francisco, California

Before: THOMAS, Chief Judge, and CLIFTON and FRIEDLAND, Circuit
Judges.

Wellfleet Communications, LLC, Allen Roach, Lighthouse

Communications, LLC, New Choice Communications, Inc., and Ryan Roach

(collectively "Wellfleet") appeal the judgment against them entered by the district

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

court.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm in part and dismiss in part.

We review summary judgments and interpretations of the Fair Labor Standards Act ("FLSA") de novo.  *Scalia v. Emp. Sol. Staffing Grp., LLC*, 951 F.3d 1097, 1101 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021) (summary judgment); *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 (9th Cir. 2019) (FLSA).  We review de novo determinations that an employer's FLSA violations were willful and not in good faith, to the extent that law was applied to established facts.  *Flores v. City of San Gabriel*, 824 F.3d 890, 905 (9th Cir. 2016).  We review denials of motions to impose discovery sanctions and motions to strike for abuse of discretion.  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 957–58 (9th Cir. 2006) (sanctions); *Hambleton Bros. Lumber Co. v. Balking Enters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005) (motion to strike).

I

The district court correctly concluded that Section 3508 of the Internal Revenue Code (IRC) does not inform the definition of "employee" under the FLSA.  *See Walling v. Portland Terminal Co.*, 330 U.S. 148, 150 (1947) ("[I]n determining who are 'employees' under the [FLSA], . . . employer-employee classifications under other statutes are not of controlling significance.").  The IRC

2

provision is limited by its unambiguous, plain language to federal taxation. 26 U.S.C. § 3508(a) ("For the purposes *of this title . . . .*") (emphasis added); *see Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) ("[W]hen the statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms." (citation omitted)). Section 3508's tax implications for employees do not conflict with the FLSA's requirements for employers. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624 (2018) (courts must give effect to both statutes absent the existence of clear congressional intent that one statute displace the other).

## II

The district court also correctly determined that Wellfleet's workers were employees under the FLSA because they were "dependent upon [Wellfleet]" as "a matter of economic reality." *Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1370 (9th Cir. 1981) (enumerating the six factors of the economic realities test). Wellfleet did not dispute that it controlled its workers' labor, compensation, and work conditions, it merely justified those approaches as reasonable and common in the industry. Nor did Wellfleet show that its workers required the "long training [or] highly developed skills" indicative of independent contractor status, *id.* at 1372 (no special skill if training lasted only five days), or dispute whether its call salespersons were integral to its telemarketing company. *Id.* The impermanence

3

of the employer-employee relationship does not undermine the district court's legal conclusion. *Id.* at 1370 ("Neither the presence nor the absence of any individual factor is determinative.").

III

The district court did not err in concluding that Wellfleet's violations of the FLSA were willful and applying the three-year statute of limitations. 29 U.S.C. § 255(a); *see also Scalia*, 951 F.3d at 1102 (9th Cir. 2020) ("Ordinarily, a two-year statute of limitations applies to claims under the FLSA. But for a 'willful violation,' the limitations period extends to three years." (citation omitted)). Despite its apparent awareness of the FLSA and ongoing violations of other labor regulations, Wellfleet took no steps to investigate its compliance. *Haro v. City of Los Angeles*, 745 F.3d 1249, 1258 (9th Cir. 2014) (stating employers must "affirmative[ly] act[] to assure compliance" (citation omitted)); *see also Flores*, 824 F.3d at 906 (stating willfulness includes "reckless disregard for . . . whether [] conduct was prohibited by the [FLSA]" (quoting *Chao v. A-One Med. Servs.*, 346 F.3d 908, 918 (9th Cir. 2003) (third alteration in original)). Wellfleet required all workers to waive their minimum wage and overtime rights under the FLSA, indicating awareness of the applicability of the FLSA. The company paid state-imposed fines for violations of Nevada's wage-and-hour law. Following the

payment of the fines, Wellfleet continued to receive an average of 10-12 complaints annually. Wellfleet settled the small claims, paid any state fines, "ke[pt] [its] head low," and tried not to "raise any flags." Emails established that management "knew the day would come when the State would come knocking at [Wellfleet's] door" for the company's minimum wage violations.

Because Wellfleet's FLSA violations were willful, they could not have been committed in good faith. *Scalia*, 951 F.3d at 1103 ("[A] finding of good faith is plainly inconsistent with a finding of willfulness." (quoting *Chao*, 346 F.3d at 920) (alteration in original)); 29 U.S.C. § 260 (FLSA good faith defense). Liquidated damages were mandatory under the FLSA. *Flores*, 824 F.3d at 904–05; 29 U.S.C. § 216(b) (imposing liquidated damages). For calculating those damages, Wellfleet offered no evidence to refute the reasonableness of the Secretary's inference that sales representatives worked an average of 30 hours weekly—a number derived from Wellfleet's own evidence and incorporating lower hour estimates for workers' first and last weeks accordingly. *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) (stating that, once employees have met their initial evidentiary burden, the employer must "present evidence sufficient to negate the reasonableness of [their] inference" (internal quotation marks omitted)). Nor can Wellfleet protest that the Secretary cited no records for estimating specific employees' hours

5

worked, since Wellfleet kept none. *Id.* ("[B]ack wages will not be barred for imprecision where it arises from the employer's failure to keep records as required by the FLSA.").

IV

The district court's refusal to impose an adverse inference for the destruction of the Noble Dialer server was not an abuse of discretion. Wellfleet did not present evidence that the Secretary destroyed the server intentionally. *Med. Lab. Mgmt. Consultants v. Am. Broad. Co.*, 306 F.3d 806, 824 (9th Cir. 2002) (rejecting adverse inference is permissible even if relevant evidence is destroyed accidentally). Wellfleet was not prejudiced because it never indicated it believed the Noble Dialer server was relevant, but instead repeatedly disavowed the existence of any time records and the Noble Dialer's accuracy. *Cf. Leon*, 464 F.3d at 960.

The district court also appropriately refused to strike and considered lay witness testimony that used basic mathematics to summarize voluminous records. Fed. R. Evid. 701, 702, 1006; *see also United States v. Aubrey*, 800 F.3d 1115, 1129 (9th Cir. 2015) (summaries of financial transactions from a Housing and Urban Development forensic auditor were proper lay testimony); *Goldberg v. United States*, 789 F.2d 1341, 1343 (9th Cir. 1986) (experienced revenue agent

6

properly testified as a lay witness when no expert opinions or conclusions were offered).

V

Wellfleet waived its successor liability claim by failing to argue it distinctly in its opening brief. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("[A]n issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (stating that a party who "presents no authorities . . . from which [the court] might glean the direction of his challenge" waives it). The undisputed facts show that Allen and Ryan Roach were employers as a matter of economic reality under the FLSA and individually liable. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1324 (9th Cir. 1991) (stating the economic reality test for employers under the FLSA).

VI

We lack appellate jurisdiction to review the district court's refusal to grant Wellfleet's motion to set aside. We dismiss this portion of Wellfleet's appeal. Wellfleet did not amend its existing notice of appeal with this Court or file a timely, separate appeal after the district court's order. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 1001 (9th Cir. 2012); *see also* Fed. R. App. P. 4(a)(1) (filing

7

a notice of appeal must occur "after entry of the judgment or order appealed from"). Regardless, the district court correctly concluded that it lacked jurisdiction and that its indicative ruling was not an appealable final order. *Martinez v. Ryan*, 926 F.3d 1215, 1229 (9th Cir. 2019); *see also Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir. 1986) ("[W]here the underlying judgment has been appealed, denial of a motion for relief from that judgment is a nonappealable order.").

**AFFIRMED in part, DISMISSED in part, with Defendants-Appellants to bear the costs.**