IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DEBRA PUGH, AARON BOWMAN and FLOANN BAUTISTA on their own behalf and on behalf of all persons similarly situated, | ) ) ) ) ) | No. 68651-8-I |
| | ) | DIVISION ONE |
| Respondents, | ) ) | PUBLISHED OPINION |
| v. | ) ) | |
| EVERGREEN HOSPITAL MEDICAL CENTER a/k/a KING COUNTY PUBLIC HOSPITAL DISTRICT NO. 2, | ) ) ) ) | |
| Appellant, | ) ) | |
| WASHINGTON STATE NURSES ASSOCIATION, | ) ) ) | FILED: October 28, 2013 |
| Appellant. | ) | |

Grosse, J – A union has standing to sue in its associational capacity for injunctive relief and back pay for missed rest breaks incurred by its members when, as here, damages can be established without requiring the participation of the individual union members. Thus, the trial court erred by invalidating a settlement agreement between the union and the employer based on the union's lack of standing. Accordingly, we reverse.

FACTS

The Washington State Nurses Association (WSNA) appeals from the same trial court orders addressed in the linked appeal brought by Evergreen Hospital.[1] Thus, the procedural and substantive facts are identical to those set forth in the opinion for the

_____

[1] Pugh v. Evergreen Hospital and Wash. State Nurses Ass'n, No. 68550-3-I (Wash. Ct. App. October 28, 2013).

Evergreen appeal. Accordingly, for efficiency for they will not be repeated here but will be incorporated by reference as they are necessary to the analysis.

ANALYSIS

WSNA contends that the trial court erred by concluding that WSNA lacked standing to sue Evergreen and invalidating the settlement agreement on that basis. We agree. An association has standing to sue on behalf of its members when the following criteria are satisfied: (1) the members of the organization would otherwise have standing to sue in their own right; (2) the interests that the organization seeks to protect are germane to its purpose; and (3) neither claim requires the participation of the organization's individual members.[2]

Unlike a suit for injunctive relief which generally benefits every member of an employee association equally, a suit for monetary relief may involve varying amounts of damages among employee members.[3] Thus, in a suit for money damages, the third requirement has been interpreted to permit associational standing when "an individual association member's participation is not necessary to prove the damages that are asserted on behalf of the members by the association."[4] This is established when the record shows that the amount of monetary relief requested on behalf of each employee is certain, easily ascertainable, and within the defendant's knowledge.[5]

---

[2] International Ass'n of Firefighters, Local 1789 v. Spokane Airports, 146 Wn.2d 207, 213-14, 45 P.3d 186 (2002).
[3] Spokane Airports, 146 Wn.2d at 214.
[4] Spokane Airports, 146 Wn.2d at 216.
[5] Spokane Airports, 146 Wn.2d at 216.

2

In Teamsters Local Union No. 117 v. Department of Corrections (DOC),[6] we held that a union representing prison emergency response team members had associational standing to sue DOC for recovery of wages for time spent on call while off duty. We concluded that the amount of wages sought was both easily ascertainable and within the employer's knowledge because the employees carried pagers when off duty and wages could be calculated by subtracting time for regular shifts, overtime, on leave, or official standby. More importantly, we concluded that standing is not defeated simply because individual association members may be called as witnesses:

> [The employer] confuses participation as witnesses with participation as necessary parties to ascertain damages. The employees are not necessary parties; neither are they indispensable parties. Here, the calculation of damages does not require individual determination and the liability issues, though of a factual nature, are common to all. We refuse to adopt [the employer's] position that participation of an individual member as a witness abrogates the Union's standing to prosecute the employees wage claims.[7]

Here, the trial court concluded that WSNA lacked standing because the third requirement was not met:

> Spokane Airports holds that the union's standing to sue on an associational basis violates the third requirement unless "the amount of monetary damages sought on behalf of those members is certain, easily ascertainable, and within the knowledge of the defendant." 146 Wn.2d at 215-16. In Spokane Airports, the amounts due were withholdings for Social Security and employer matched funds, which were calculated exactly and were clearly known to the Spokane airport. [146 Wn.2d] at 217. In a similar case involving Special Emergency Response Team (SERT) employees at a prison seeking compensation for their on-call time, the Court of Appeals found standing for the union where calculating possible damages, "will then be nothing more than a mathematical exercise." Teamsters Local Union No. 117, 145 Wn. App. at 513.

---

[6] 145 Wn. App. 507, 187 P.3d 754 (2008).
[7] Teamsters Local Union No. 117, 145 Wn. App. at 513-14 (footnote and citation omitted).

No such easily ascertainable amount of damages can be found here. The parties disagree vehemently as to even the possible amount of damages in this case. Plaintiffs assert that WSNA previously calculated the amount owed to the nurse was over $1 million dollars, and that Evergreen estimated the amount due as approximately $600,000, although Evergreen contests the basis and accuracy of this amount. Further, all parties agree that nurses in different sections of the hospital missed breaks at various rates. Unlike Spokane Airports and Teamsters Local Union No. 117, all parties agree there are no records from which Evergreen can precisely determine the amount owed. Under these circumstances, it is clear that WSNA would require the participation of at least some of the registered nurses who work at Evergreen Hospital.

We disagree with the trial court. First, the fact that the parties disagree about the amount of damages does not mean that there is no ascertainable amount of damages and WSNA is thereby prevented from establishing damages for purposes of standing. Rather, WSNA need only show that it was prepared to establish damages that did not require participation of the individual members. Indeed, WSNA and Evergreen considered various damages calculations and in fact determined damages owed to the nurses for the settlement agreement without requiring the participation of the individual nurses.[8]

Nor is the absence of records fatal to establishing WSNA's standing. Our courts have recognized that in wage and hour cases where employers have failed to keep adequate records, damages may be established by "just and reasonable inference."[9] Such inferences can be established by "representative testimony," as in McLaughlin v.

---

[8] E.g., they used the number of hours worked per week over the alleged time period, the hourly rate, and the number of breaks to which they were entitled.

[9] Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946).

Ho Fat Seto,[10] where the Ninth Circuit upheld the lower court's inference of a violation involving 28 employees based on the testimony of five witnesses. Similarly here, representative testimony from each department could serve as proof of the damages. As in Teamsters Local Union No. 117, the participation of some nurses to establish damages does not abrogate the union's standing to prosecute such cases.[11]

Additionally, the trial court's ruling disregards the fact that WSNA's lawsuit also sought injunctive relief, which does not require proof of individual damages. As WSNA correctly notes, the trial court's assertion that "Washington law is clear that a union may only represent its membership on a claim for damages and not for injunctive relief," is in error. As discussed above, our courts have recognized that associational standing to sue for injunctive relief is more easily established than standing to sue for monetary damages because it generally benefits members of an employee association equally.[12] Because WSNA had standing to sue, the trial court's ruling invalidating the settlement agreement for WSNA's lack of standing is without basis. Accordingly, we reverse.

WSNA also contends, as does Evergreen, that the trial court erred by invalidating the settlement agreement on the basis that the settlement was not court approved under CR 23(e), and by invalidating the individual settlements and releases entered into by WSNA members. As we conclude in our opinion in Evergreen's appeal, these arguments have merit and the trial court erred by invalidating the settlements on these

---

[10] 850 F.2d 586, 589 (9th Cir. 1988), cert. denied, 488 U.S. 1040, 109 S. Ct. 864, 102 L. Ed. 2d 988 (1989).
[11] See 145 Wn. App. at 513-14.
[12] See Spokane Airports, 146 Wn.2d at 214.

bases.[13] Accordingly, we reverse the trial court's order granting summary judgment for Pugh and remand for reinstatement of the settlement agreement.

We reverse and remand.

Grav J

WE CONCUR:

Spearman, A.C.J.

Becker, J.

---

[13] See Evergreen, No. 68550-3-I, slip op. at 12.