

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00483-CV

CONCERNED OWNERS OF                                            APPELLANT
THISTLE HILL ESTATES PHASE I,
LLC

V.

RYAN ROAD MANAGEMENT, LLC;                              APPELLEES
RYAN ROAD PARTNERS, LTD;
AND DEBRA JOHNSON-
STAFFORD

----------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

The trial court determined that Appellant Concerned Owners of Thistle Hill

Estates Phase I, LLC (Thistle Hill, LLC) lacked associational standing to pursue

---

[1]*See* Tex. R. App. P. 47.4.

the declaratory judgment action it had filed against Appellees Ryan Road Management, LLC; Ryan Road Partners, Ltd; and Debra Johnson-Stafford. Because Thistle Hill, LLC and the declaratory judgment claim it asserts satisfy the three prongs of the associational standing test, we will reverse the trial court's order granting Appellees' plea to the jurisdiction and dismissing Thistle Hill, LLC's claim.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellees—who are the developers of the Thistle Hill Phase I subdivision (the Subdivision)—began developing the Subdivision in February 2000; the Subdivision contains approximately thirty-six residential lots. In connection with the development, Appellees filed a "Declaration of Covenants, Conditions and Restrictions" for the Subdivision.[2] Section 11.7 of the Declaration is titled "Enforcement" and sets forth who possesses the right to have the restrictions, conditions, and covenants carried out "together with the right to bring any suit or undertake any legal process that may be proper to enforce the performance thereof." The owners of each lot in the Subdivision are included in the list of those possessing the right to enforce the restrictions, conditions, and covenants.

---

[2]The Declarant in the Declaration is identified as Ryan Road Partners, LTD. The Declarant's signature line on the Declaration indicates that Ryan Road Management LLC signed for Ryan Road Partners, Ltd, and Debra Johnson-Stafford signed as Debra Johnson on the line as President of Ryan Road Management LLC.

2

By 2010, 75% of the Subdivision lots had been purchased and conveyed to owners other than Appellees. The owners of the lots in the Subdivision requested, in accordance with Texas Property Code section 209.00591(c), that Appellees establish a homeowners' association and permit the election of one-third of the board members by property owners in the Subdivision. According to Thistle Hill, LLC, Appellees refused to do so, operated a homeowners' association controlled exclusively by Appellees, and utilized annual fees collected from the Subdivision property owners for Appellees' personal uses and business ventures unrelated to the Subdivision.

The Subdivision property owners created Thistle Hill, LLC for the purpose of enforcing the property rights of its members. Thistle Hill, LLC is an association comprised exclusively of residential property owners in the Subdivision. Thistle Hill, LLC's declaratory judgment action against Appellees seeks a declaration that Appellees owe the Subdivision's property owners a fiduciary duty under the Declaration; that Appellees provide Thistle Hill, LLC with access to the books, records, and materials associated with the operation of the association that governs the Subdivision; that Appellees provide an audit and full accounting of how the funds collected from the Subdivision's property owners since 2000 have been spent by Appellees as the Declarant in the Declaration; and that a homeowners' association be established pursuant to Texas Property Code section 209.00591(c) with board members, of whom at least one-third are elected by Subdivision property owners. Thistle Hill, LLC also seeks recovery of any

3

monies paid by its members to the homeowners' association controlled by Appellees if the monies paid were not used by Appellees to benefit the Subdivision.

Appellees filed a plea to the jurisdiction, asserting in one sentence that because Thistle Hill, LLC is not an owner of property in the Subdivision, it lacks standing to assert any rights to enforce the covenants, conditions, and restrictions in the Declaration.[3]  Thistle Hill, LLC filed a response to Appellees' plea to the jurisdiction and attached the affidavit of Stephen Sullivan, a managing member, to its response.  Thistle Hill LLC's response explained that Thistle Hill LLC possessed associational standing.  The trial court conducted a hearing on Appellees' plea; Appellees offered no evidence in support of their plea.[4]  Following the hearing, the trial court signed an order granting Appellees' plea to the jurisdiction.  The trial court handwrote an asterisk by the word "granted" in the typed order and handwrote an asterisked footnote stating that

> [t]he court specifically finds that in this case:  1) the corporate plaintiff [Thistle Hill, LLC] does not meet the third prong of the standing test for representative capacity set forth in TAB v. Texas Air

---

[3]Appellees' plea to the jurisdiction stated, in its entirety:

> 2.01 Defendant pleads that the Court lacks jurisdiction to resolve this controversy, because Plaintiff lacks standing.  Plaintiff is not the owner of any property of Thistle Hill Estates, and has no standing to assert any rights to enforce the terms of the Declarations of Covenants, Conditions and Restrictions of Thistle Hill Estates, on which this claim is based.

[4]No reporter's record exists of the hearing.

4

Control Board, 852 S.W.2[]d 440 (Tex. 1993), and 2) article 11.7 of the Declaration specifically limits who can bring suit to enforce the Declaration[,] and plaintiff [Thistle Hill, LLC] is not in that defined group.

Thistle Hill, LLC perfected this appeal from the trial court's order granting Appellees' plea to the jurisdiction.

### III. STANDARD OF REVIEW

Standing is a component of subject matter jurisdiction and must be established in order to maintain a lawsuit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). A plea to the jurisdiction is proper to challenge a party's lack of standing. *Big Rock Investors Ass'n v. Big Rock Petroleum, Inc.*, 409 S.W.3d 845, 848 (Tex. App.—Fort Worth 2013, pet. denied) (citing *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 710–11 (Tex. 2001); *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850 (Tex. 2000)). A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action based on lack of subject matter jurisdiction without regard to the merits of the claim. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. When a plea to the jurisdiction challenges the pleadings, we determine if the pleader alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009).

5

When reviewing a trial court's order dismissing a case for lack of jurisdiction, we liberally construe the plaintiff's pleadings in favor of jurisdiction, and we look to the pleader's intent. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010). If there is no question of fact as to the jurisdictional issue, the court must rule on plea to the jurisdiction as a matter of law. *Heinrich*, 284 S.W.3d at 378; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Big Rock*, 409 S.W.3d at 848.

Because standing is a component of subject matter jurisdiction, we address on appeal any grounds upon which the trial court expressly based its ruling granting the plea, as well as the other grounds raised by Appellees on appeal purportedly supporting the trial court's ruling. *See Gibson*, 22 S.W.3d at 850 (holding that court of appeals erred by not addressing appellees' standing and ripeness complaints raised for first time in appellant's appeal of trial court order granting plea to the jurisdiction on the ground of failure to exhaust administrative remedies). When reviewing challenges to the trial court's subject matter jurisdiction that are raised for the first time on appeal, we construe the petition in favor of the plaintiff, and if necessary, review the entire record to

6

determine if any evidence supports standing. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

Here, Appellees' plea to the jurisdiction apparently challenged Thistle Hill, LLC's pleadings. *See City of Waco v. Lopez*, 259 S.W.3d 147, 150 (Tex. 2008) (explaining that a plea to the jurisdiction may challenge whether the plaintiff has alleged facts sufficient to affirmatively demonstrate jurisdiction or whether the jurisdictional facts alleged by the plaintiff actually exist). Appellees alleged that Thistle Hill, LLC lacked standing because it does not own property in the Subdivision; Thistle Hill, LLC did not plead that it owned property in the Subdivision,[5] so Appellees' plea to the jurisdiction could not be asserting that the facts alleged by Thistle Hill, LLC did not exist. *See id.* Consequently, we construe the pleadings liberally in favor of Thistle Hill, LLC and look to Thistle Hill, LLC's intent in determining whether its pleadings establish the trial court's jurisdiction. *See Holland*, 221 S.W.3d at 643. On appeal, Appellees challenge for the first time whether Thistle Hill, LLC's pleadings establish all three prongs of the associational standing test. In reviewing these challenges raised for the first time on appeal, we likewise construe the pleadings in favor of Thistle Hill, LLC

---

[5]Appellees' brief on appeal also claims that no justiciable controversy exists because Thistle Hill, LLC "does not own property in the Subdivision and does not pay assessments." Because Appellees assert that no justiciable controversy exists for the same reason that they assert Thistle Hill, LLC lacks standing—because Thistle Hill, LLC does not own property in the Subdivision—the no-justiciable-controversy argument is subsumed within Appellees' standing argument.

and, if necessary, review the entire record to determine if any evidence supports standing.  *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

## IV.  THE ASSOCIATIONAL STANDING TEST[6]

Article III of the United States Constitution limits the judicial power of the courts to the resolution of "cases" and "controversies."  U.S. Const. art. III, § 2, cl. 1.  One element of the case-and-controversy requirement under Article III is that the plaintiff, including an association, must have standing to raise each claim.  *See, e.g.*, *Comm. for Reasonable Regulation of Lake Tahoe v. Tahoe Reg'l Planning Agency,* 365 F. Supp. 2d 1146, 1161 (D. Nev. 2005).  An association has standing to bring suit on behalf of its members when (1) its members would otherwise have standing to sue in their own right, (2) the interests it seeks to protect are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation in the lawsuit of each of the individual members.  *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343, 97 S. Ct. 2434, 2441 (1977); *Tex. Ass'n of Bus.*, 852 S.W.2d at 447; *Big Rock*, 409 S.W.3d at 849.

### A. The First Prong:  The Members of Thistle Hill, LLC Have Standing to Sue in Their Own Right

---

[6]While we are obligated to follow the dictates of only the United States Supreme Court and the Texas Supreme Court, we nonetheless draw on and discuss the associational standing precedent of other courts that also apply the *Hunt* associational standing test adopted by the United States Supreme Court. *See Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993).

Thistle Hill, LLC pleaded that it was a limited liability corporation comprised exclusively of members who are residential property owners in the Subdivision. The Declaration is attached to Thistle Hill, LLC's petition. Section 11.7 of the Declaration is titled "Enforcement" and specifically authorizes residential property owners of the Subdivision to bring suit or undertake any legal process that may be proper to enforce the performance of the Declaration. Thistle Hill, LLC's petition and the attached Declaration establish that Thistle Hill, LLC's members have standing to bring the instant suit in their own right. *See, e.g.*, *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 308 (Tex. 2007) (explaining that to meet the first prong of the associational standing test, the association "must show that its members have standing to sue in their own right"); *Tex. Ass'n of Bus.*, 852 S.W.2d at 447 (explaining that the first prong of the associational standing test "should not be interpreted to impose unreasonable obstacles to associational representation. . . . [T]he purpose of [the first prong] is simply to weed out plaintiffs who try to bring cases, which could not otherwise be brought, by manufacturing allegations of standing that lack any real foundation").

The trial court found that Thistle Hill, LLC did not possess standing because it was not identified in the Declaration as someone who could enforce the covenants, conditions, and restrictions of the Subdivision. However, associational standing is not based on an association's direct, independent standing; it is derived from the standing of the individual members of the association. *See Warth v. Seldin*, 422 U.S. 490, 511, 95 S. Ct. 2197, 2211

9

(1975) (explaining that "[e]ven in the absence of injury to itself, an association may have standing solely as the representative of its members"); *see also Hunt*, 432 U.S. at 340–42, 97 S. Ct. at 2440–41 (rejecting contention that the association lacked standing because challenged statute had no impact on the association—the Washington State Apple Advertising Commission—but only upon Washington apple growers and dealers). To hold that only an association directly aggrieved possesses standing is inconsistent with the concept of associational standing articulated by the United States Supreme Court. *See Hunt*, 432 U.S. at 342–43, 97 S. Ct. at 2440–42. The fact that the association does not possess direct, independent standing is not relevant to a determination of associational standing so long as the three prongs of the associational standing test are met. *See id.* We hold that the trial court erred by granting Appellees' plea to the jurisdiction on this basis.

## B. The Second Prong: The Interests that Thistle Hill, LLC Seeks to Protect Are Germane to the Organization's Purpose

Thistle Hill, LLC's response to Appellees' plea to the jurisdiction again recited that Thistle Hill, LLC "consists exclusively of members that are owners of residential property in [the Subdivision]" and explained that Thistle Hill, LLC "was formed for the purpose of protecting, defending, and enforcing the rights of residential owners of property in [the Subdivision]." Stephen Sullivan's affidavit,

10

attached to the response, likewise states these facts.[7] Appellees did not come forward with any evidence controverting these facts pleaded by Thistle Hill, LLC. Accordingly, taking the facts pleaded by Thistle Hill, LLC as true, as we must, Thistle Hill, LLC satisfied the second prong of the associational standing test.[8] *See Tex. Ass'n of Bus.*, 852 S.W.2d at 447 (holding that the pleadings and the rest of the record demonstrated that the interests TAB sought to protect were germane to the organization's purpose).

## C. The Third Prong:  Neither the Claim Asserted Nor the Relief Requested Requires the Participation of Each of Thistle Hill, LLC's Members

[7]Appellees assert on appeal that Sullivan's affidavit is inadmissible because it does not meet the criteria for a summary judgment affidavit; specifically, Appellees contend that it contains conclusory statements by an interested party, is not capable of being readily controverted, and fails to explain how Sullivan obtained personal knowledge of the facts stated in his affidavit.  But because Appellees' plea to the jurisdiction challenged Thistle Hill, LLC's pleadings as not pleading facts establishing its standing, we consider the facts pleaded in both Thistle Hill, LLC's petition and in its plea to the jurisdiction response as true.  Because Thistle Hill, LLC's plea to the jurisdiction response sets forth the same facts contained in Sullivan's affidavit, we need not reach the merits of Appellees' contentions concerning Sullivan's affidavit.  *See* Tex. R. App. P. 47.1 (stating that appellate court needs to address every issue necessary for final disposition of the appeal).  Moreover, no objection was lodged to the affidavit in the trial court.

[8]After the hearing on the plea, Thistle Hill, LLC filed a motion for leave to file additional evidence—that being the Company Agreement of Thistle Hill, LLC. The trial court did not rule on Thistle Hill, LLC's motion for leave, but the Company Agreement conclusively establishes the second prong of the associational standing test.  We need not address whether, as alleged alternatively in Thistle Hill, LLC's second issue, the trial court erred by not considering the Company Agreement because we hold that the factual allegations in Thistle Hill, LLC's pleadings and response to Appellees' plea to the jurisdiction, taken as true, satisfy the second prong of the associational standing test. *See* Tex. R. App. P. 47.1.

11

Under the third prong of the associational standing test, determining what type of claim brought by an association and what type of relief sought by an association would or would not require the participation in the litigation of the association's individual members and therefore would or would not advance prudential concerns of administrative convenience, efficiency, and judicial economy is somewhat tricky. *See Big Rock*, 409 S.W.3d at 849. Usually, an association's claim for damages on behalf of its members is barred by want of the association's standing to sue because such suits typically require each individual member to participate in the litigation to establish his own damages. *See, e.g.*, *Warth*, 422 U.S. at 516, 95 S. Ct. at 2214 ("Thus, to obtain relief in damages, each member of Home Builders who claims injury . . . m[u]st be a party to the suit."); *Telecomms. Research & Action Ctr. ex rel. Checknoff v. Allnet Commc'n Servs., Inc.*, 806 F.2d 1093, 1095 (D.C. Cir. 1986) (holding that "the money damages claims TRAC seeks to advance are the kind that ordinarily require individual participation" and that associational standing did not exist). For example, in *Warth*, the United States Supreme Court held that an association of construction firms could not seek damages for the profits and business lost by its members because "whatever injury may have been suffered is peculiar to the individual member concerned, and both the fact and extent of injury would require individualized proof." 422 U.S. at 515–16, 95 S. Ct. at 2214; *see also Big Rock*, 409 S.W.3d at 850. When, however, an association seeks a declaration,

12

injunction, or some other form of prospective equitable relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured and that, consequently, prudential concerns are advanced, and thus the association may possess standing to invoke the court's remedial powers on behalf of its members. *Tex. Ass'n of Bus.*, 852 S.W.2d at 448 (holding that "TAB seeks only prospective relief, raises only issues of law, and need not prove the individual circumstance of its members to obtain that relief, thus meeting the third prong" of the associational standing test); *see also Hunt*, 432 U.S. at 343–44, 97 S. Ct. at 2441–42 (recognizing that neither the commission's "interstate commerce claim nor [its] request for declaratory and injunctive relief requires individualized proof[,] and both are thus properly resolved in a group context"); *City of Laredo v. Rio Grande H20 Guardian*, No. 04-10-00872-CV, 2011 WL 3122205, at *6 (Tex. App.—San Antonio July 27, 2011, no pet.) (mem. op.) (holding that because Rio Grande sought "prospective relief in the form of a declaration that the enacted zoning ordinances were invalid, relief that [was] not dependent on proof of the individual circumstances of its members," Rio Grande had satisfied the third prong of the associational standing test).

Here, Thistle Hill, LLC pleaded a declaratory judgment cause of action, and the relief it sought was limited to prospective relief that benefited all of its

members.[9]  *See Tex. Ass'n of Bus.*, 852 S.W.2d at 448 (recognizing associational standing under third prong when association sought only prospective relief and did not need to prove the individual circumstances of its members to obtain that relief); *see also Hunt*, 432 U.S. at 343–44, 97 S. Ct. at 2441–42.  Although the relief Thistle Hill, LLC sought also included the recoupment of any monies paid by its members to the homeowners' association operated and controlled by Appellees in the event evidence established that those monies were not used by Appellees to benefit the Subdivision, Thistle Hill, LLC did not seek recoupment of the fees for any of its individual members but rather sought recoupment of any such monies for itself, so that such monies could be spent to benefit the Subdivision.  Proof of the money damages sought by Thistle Hill, LLC does not require the individual participation of any member of Thistle Hill, LLC; proof of the money damages requires evidence of Appellees' alleged wrongful expenditures, if such evidence exists.  Seeking recoupment of this type of money damages on behalf of all members of Thistle Hill, LLC collectively—to be paid to Thistle Hill, LLC and to be used by Thistle Hill, LLC to

---

[9]As set forth above, Thistle Hill, LLC sought a declaration that Appellees owe the Subdivision's property owners a fiduciary duty under the Declaration; that Appellees provide Thistle Hill, LLC with access to the books, records, and materials associated with the operation of the association that governs the Subdivision; that Appellees provide an audit and full accounting of how the funds collected from the Subdivision's property owners since 2000 have been spent by Appellees as the Declarant in the Declaration; and that a homeowners' association be established pursuant to Texas Property Code section 209.00591(c) with board members, of whom at least one-third are elected by the Subdivision's property owners.

benefit the Subdivision—does not preclude associational standing to assert the claim. *See, e.g.*, *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 553, 557, 116 S. Ct. 1529, 1534, 1536 (1996) (holding that the third prong of the associational standing test did not bar a union from asserting damages claims on behalf of its members and concluding that third prong does not create a strict constitutional prohibition on claims for monetary relief but rather addresses prudential concerns such as administrative convenience and efficiency); *Pugh v. Evergreen Hosp. Med. Ctr.*, 312 P.3d 665, 667 (Wash. Ct. App. 2013) (holding that "in a suit for money damages, the third requirement has been interpreted to permit associational standing when 'an individual association member's participation is not necessary to prove the damages that are asserted'") (quoting *Int'l Ass'n of Firefighters Local 1789 v. Spokane Airports*, 45 P.3d 186, 216 (Wash. 2002)); *Fla. Paraplegic Ass'n v. Martinez*, 734 F. Supp. 997, 1000–01 (S.D. Fla. 1990) (recognizing associational standing may exist when the association seeks damages on behalf of its members without reference to their individual circumstances). Thus, neither the claim asserted nor the relief sought by Thistle Hill, LLC requires the individual participation of any of its members; the claim and the relief sought are common to all members. The claim and relief sought by Thistle Hill, LLC satisfy the third prong of the associational standing test.[10] We hold that the trial court erred by

---

[10]Appellees claim that a fact issue exists as to whether some of the members are subject to property code section 209.00591(c). This contention

15

determining that Thistle Hill LLC did not meet the third prong of the associational standing test.

We sustain Thistle Hill, LLC's first issue.

### V. Conclusion

Because Thistle Hill, LLC met all three prongs of the associational standing test, the trial court erred by granting Appellees' plea to the jurisdiction. We reverse the trial court's order granting Appellees' plea to the jurisdiction and remand this case to the trial court for further proceedings consistent with this opinion.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: April 10, 2014

---

does not implicate whether Thistle Hill, LLC possesses associational standing.